White *v.* Riggs..

---

---

BENJAMIN L. WHITE *versus* JAMES RIGGS & *al.*

A judge of probate has no power to hold a court for the hearing of a par-
ticular case at any other time or place, than those fixed by law, or under
the provisions of Rev. Stat. c. 105, § 8; and any decree passed in such
case will be void.

If one of several persons equally interested should appear at the hearing of
such case before the judge of probate, the others not all appearing, and he,
alone, should appeal from the decree of the judge, made therein, to the
Supreme Court of Probate; still as the probate court had no jurisdiction
of the matter, the appeal will be dismissed.

THIS was an appeal from a decree of the judge of probate
for the county of Lincoln, approving an instrument as the
last will of Benjamin Riggs, deceased.    Benjamin L. White,
only, appealed from that decree, seasonably filed his bond, and
the following reasons of appeal.

" *First Reason.* — That said Benjamin Riggs, when he made
the supposed last will and testament, from the decree approving
which, the appeal is claimed, was not of sound mind and not
of capacity to make any will.

" *Second Reason.* — That said instrument was never pub-
lished by said Riggs, nor declared by him to be his last will
and testament.

" *Third Reason.* — That said instrument purporting to be a
will, is unintelligible and therefore no will."

The appeal was entered in this Court, and the appellant here
pleaded, among other pleas, " that due notice of the time and
place, for the probate of the will before the judge of probate,
was not given.

The following is a copy of the decree from which the ap-
peal was taken.

                    " STATE OF MAINE.

" [L. s.] Lincoln, ss.    Whereas the Instrument hereto an-

nexed, has been presented to me as the last will and testament of Benjamin Riggs, late of Georgetown, by James Riggs, Moses Riggs and B. F. Riggs, the executors therein named, and due notice thereof, and of the time and place appointed by me, for taking the probate of the same, has been given to the heirs of said deceased, and to all persons interested therein, pursuant to the order of Court; and whereas it is proved to me by the testimony of Allen Clary, Jr. and Mary D. Mitchell, formerly Mary D. Meader, two of the subscribing witnesses to the same, and no one objecting, that the said instrument was signed, sealed and published by the said Benjamin Riggs, as his last will and testament, and that at the time of executing the same the said Benjamin Riggs was of sound mind ; and it further appearing to me, that the same was attested in his presence by three credible witnesses, whose names are thereunto subscribed ; I do, therefore, by virtue of the power and authority given to me, in and by the laws of the State aforesaid, hereby approve and allow the said instrument as the last will and testament of said deceased, and order the same to be recorded.

"Given under my hand and seal official, at the court of probate, holden at Georgetown, on the 20th day of January, in the year of our Lord, one thousand eight hundred and forty-six."

"Nathaniel Groton, Judge."

The parties agreed to the following statement of the facts in relation to the subject matter of that plea.

"The said White alleges, that no notice was published by the probate court for a hearing in relation to the will ; that Benjamin Riggs' will was presented to the probate court holden at Wiscasset, on the 12th of January, 1846, and that said court was adjourned to be held at the house occupied by said Benjamin Riggs, deceased, in his lifetime, on the 20th of said January, in Georgetown, when and where the probate court was held for the probate of said will ; that some of the heirs were present at said hearing and some not, that some of them took notice of the time and place appointed, and some had no notice.

"No public notice was given of the holding of a probate

court in Georgetown, and which was not a place where probate courts were ever held.

" Written notice was given to all the parties interested in Benjamin Rigg's will, of the adjournment of the probate court to be held on the 20th of January, 1846, at Georgetown, except George W. White of Charlestown, Mass., and Eliza S. Drummond, then in France ;— and the following persons were present, viz.— Jacob W. Sweat, *Benjamin L. White, the present appellant,* John White jr., E. D. White, Mary Drummond, Sarah Ann White, John White, for himself and two minor children, James and William White, Alice R. Delano, Moses Riggs, James Riggs, Benjamin F. Riggs, Sarah Riggs. Moses White of Boothbay, was not present, but had written notice. The above, including George W. White and Eliza S. Drummond, embrace a list of all the heirs or of those persons that represent the interest of all parties. And notice of said adjournment was posted up in two public places in Georgetown.

" The appellees, James Riggs & al., executors, say the appeal was properly entered, and whatever may have been the proceedings in the probate court, the present appellant has lost no rights.

*Wells* and *Randall,* for White, contended that there was no legal probate court holden at the time when the alleged will is said to have been approved. There can be no legal probate court holden by the mere adjournment of a court to a time and place, other than one previously appointed and notified publicly according to the provisions of the statute.

*Evans* and *B. F. Sawyer,* for the executors, contended that the court was legally appointed at the house of the deceased in Georgetown. But whether it was strictly according to law or not, the appellant was there and made no objection. His reasons of appeal, too, do not complain of any wrong in that respect. They admit the jurisdiction of the judge of probate in the premises.

At a subsequent day in the same term, the opinion of the court was given orally by

SHEPLEY J.— It was said that the case found, that no public notice was given of the holding of a probate court at

Georgetown, and that was not a place where probate courts were to be holden according to the provisions of the statute.

The court could have no jurisdiction of the question there, and it is not pretended that the will was approved at any other place.

The decree is not in the usual form, and does not on its face show that the court was legally holden ; and if it did, it was competent for the parties, as they have done, to agree upon the facts of the case, which show that the court had no jurisdiction.

The acts of the defendant in appearing before the probate judge at Georgetown, and entering an appeal to this Court, could not give the court jurisdiction.

As the supposed decree was void, because the probate court had no jurisdiction, the appeal must be dismissed.