## MYERS v. EAST BENCH IRR. CO.

No. 1818.   Decided April 12, 1907 (89 Pac. 1005).

1. COURTS — TERMS — STATUTORY PROVISIONS. Revised Statutes 1898, section 673, provides that a district court may adjourn to a future day certain.   Section 675 provides that the judge, in December of every year, shall fix the times of holding court in each of the counties composing his districts during the ensuing year; section 676, that court shall be held at the time fixed as provided in the previous section, and the time shall not be changed except for sickness of the judge, or when he is called into another district, or when the business of any other county shall necessarily extend the sitting beyond the time appointed for the term; section 703, that, if the judge is not present on the term day, the court will adjourn from day to day for one week, unless the judge by written order or telegram directs it to be adjourned to some day certain.   The district judge fixed the first term of court for Garfield county on the 19th day of April, 1905.   A session was held in that county on December 10, 1904, which was an adjourned session of the November term, and the judge on that day signed an order adjourning the court subject to call.   Court was not held

on April 19th, and the term was not adjourned, nor was it made to appear that the judge was sick, or was called into another district, or had business in another county. On May 1st the judge came to Garfield county and opened a session of court. *Held,* that a case tried on the 5th and 6th days of May was not tried at a legal term of court, since the April term had ended for want of a session being held on April 19th, or of an adjournment thereof, as provided by law, and the November term was ended December 10th by the order adjourning it subject to call.

2. SAME — CONSENT OF PARTIES AS TO JURISDICTION. Where the terms of court are fixed at stated periods, and the court fails to convene at that time, and by reason thereof is not legally in session, the parties to the action cannot, by agreement, confer jurisdiction upon the court to render a judgment binding upon the parties.

APPEAL from District Court, Garfield County; Joshua B. Greenwood, Judge.

Action by John E. Myers against the East Bench Irrigation Company. From a judgment for plaintiff, defendant appeals.

VACATED, AND NEW TRIAL GRANTED.

*Knox & Fennemore* for appellant.

*W. P. Sargent* for respondent.

APPELLANT'S POINTS.

When a time is fixed by law for holding a term of court, it is essential to the validity of its proceedings that jurisdiction be exercised at such times. If business is transacted at a different time, such acts are null and void. (*Irwin v. Irwin,* 37 Pac. 548; *In Re Terrill,* 34 Pac. 457; *In Re McCloskey,* 34 Pac. 459; *People v. Monighan,* I Parker Cr. R. 570; *Garlick v. Dunn,* 42 Ala. 404; *Brumley v. State,* 20 Ark. 77; *McCool v. State,* 7 Ind. 378; *Cain v. Goda,* 84 Ind. 209; *Insurance Co. v. Poppe,* 43 Pac. 1085; *Ex Parte Deffery,* 3 S. C. (3 Rich) 564; *Hodges v. Ward,* I Tex. 244; *Wilson v. State,* S. W. 390; *People v. Goodall,* 123 Ill. 389, 2 Scam. 385; *White v. Riggs,* 27 Maine 114; *State v. Chamber,* 45 La. Ann. 36, 11 S. R. 944; *Ex Parte Williams,* 69 Ark.

457.) And the appearance of parties does not render pro-
ceedings legal which are held on a day subsequent to the
day on which the term lapsed. (*Cullum v. Casey,* 1 Ala.
351.) "An adjournment is either without day or to a day
certain. The distinction is vital. An adjournment without
day ends the power of the court over the business and record
of the term. The adjournment of a term to a day certain
leaves it intact." (1 Ency. Plead. and Prac., p. 243. *Stovall
v. Emerson,* 20 Mo. App. 322.) The complaint in this case
only alleges that he is not getting his share of water, and
that he has been informed by his attorney, W. P. Sargent,
that he has not an adequate or speedy remedy at law. Cer-
tainly those two allegations are not sufficient to entitle plain-
tiff to an injunction. (10 Ency. Plead. & Prac., p. 953;
*Leitham v. Cusick,* 1 Utah 242; *Myers v. Ives,* 65 Pac. 227;
*Smith et al. v. Schlink,* 62 Pac. 1044; 16 Am. & Eng. Ency.
Law, page 360; *McGregor v. Mining Co.,* 14 Utah 47; 10
Ency. Plead & Prac., p. 953; *Gardner v. Strover,* 22 Pac.
483; *Mechanics' Foundry Co. v. Ryall,* 17 Pac. 703.)

A district judge may only do at Chambers those things
which he is expressly authorized to do by statute. (*Conkling
v. Ridley,* 112 Ill. 36; *Newman v. Hammond,* 46 Ind. 119;
*Nevitt v. Woodburn,* 45 Ill. Appeal 417; *Ellis v. Karl,* 7
Neb. 381.) We, contend that Judge Greenwood had no au-
thority or power to render final judgment in this case at Fill-
more, Millard county, Utah, in the Fifth Judicial District,
when the action was pending at Panguitch, in Garfield
county, Utah. (*Turner v. McIlhaney,* 6 Cal. 287; *Sanchez
v. Sanchez,* 21 Fla. 346; *Sherman v. Town Council of Thom-
aston,* 67 Ga. 246; *Welch v. People,* 38 Ill. 20; *People v.
O'Neil,* 47 Cal. 109; *Filley v. Cody,* 4 Col. 109; *Backer v.
Eble,* 144 Ind. 287; *Monroe v. Bartlett,* 6 W. Va. 441; *Bruce
v. Doolittle,* 81 Ill. 103; *McClue v. Owens,* 21 Iowa 133;
*Spear v. Fitchpatrick,* 38 Iowa 127.) In support of our con-
tention that the findings are insufficient, to justify the grant-
ing of an injunction we cite, however, the following authori-
ties: (*Mitchell v. Jensen et al.,* 29 Utah 346; *Kahn v. Cen-
tral Smelting Co.,* 2 Utah 371; *Reich v. Rebellion S. M. Co..*

3 Utah 254; *Blumenthal v. Asay,* 3 Utah 507; *Walley v. Bank,* 14 Utah 305; *Maynard v. Insurance Co.,* 14 Utah 458; sec. 3169, Rev. Stat. Utah 1898.)

STRAUP, J.

This action was commenced and tried in Garfield county, in the Sixth judicial district, and was brought to restrain the defendant from amending its articles and increasing its capital stock. Judgment was for plaintiff, and the defendant appeals.

Numerous errors are assigned; among them, that the court was not lawfully in session when the case was tried, and that the judgment is therefore void. This assignment must be sustained.

Section 672, Revised Statutes 1898, provides: "There shall be held at the county seat of each county at least three terms of the district court in each year."

Section 673: "A district court may adjourn a term of court in one county to a future day certain, and, in the mean time, hold court in another county."

Section 675: "The judges of the district court shall, in December of every year, fix the times of holding terms of court in each of the counties composing their respective districts during the ensuing calendar year. The judge or judges of the several districts shall cause a copy of such order to be transmitted to the secretary of state and also entered upon the journal of the court in each county of the district. County clerks shall cause a copy of such order to be conspicuously posted in their respective offices."

Section 676: "Court shall be held at the time fixed as provided in the previous section, and the time shall not be changed, except for sickness of the judge of said district, or, when said judge shall be called into another district at the time appointed for any term, by request of the governor, or when the business in any other county shall necessarily extend the sitting beyond the time appointed for the term.

Section 677: "Whenever, for any of the reasons enumerated above, the regular term of court appointed for any county shall be adjourned, the clerk of that county shall so notify the clerk of each county in the district, and it shall be the duty of said clerk, upon receipt of said notification, to post publicly in his office a notice of said change."

Section 703: "If no judge attend on the day appointed for the holding or sitting of a court, or on the day to which it may have been adjourned, before noon, the clerk shall make an entry thereof in his record, and the sheriff or clerk must adjourn the court until the next

day at 10 o'clock a. m.; and if no judge attend on that day before noon, the sheriff or clerk must adjourn the court until the following day at the same hour, and so on from day to day for one week, unless the judge, by written order or telegram, directs it to be adjourned to some day certain, fixed in said order or telegram, in which case it shall be so adjourned."

The Sixth judicial district is composed of Sevier, Wayne, Piute, Garfield, and Kane counties. On December 2, 1904, the judge of that district fixed the time and terms of court in each of the counties of the district for the year 1905, fixing the first term of court in Garfield county on the 19th day of April, 1905. A session of court was held in Garfield county on the 10th day of December, 1904, which was an adjourned session of the November term of that year. On the day last named, that session was adjourned; the judge of said court making and signing the following order: "Nothing further appearing, court adjourned subject to call." After holding a session of court in Sevier county on the 5th day of January, in Piute county on the 14th day of February, and in Wayne county on the 16th day of March, 1905, the judge of said court attempted to hold a session of court at Garfield county on the 22d day of March, 1905, and adjourned from day to day until the 30th day of March, 1905, when, among the transaction of other business, this case was set for trial on the 5th day of May, 1905. The court then adjourned, making the following order: "Court adjourned subject to call or order of the court." No session of court was held; nor was court opened in Garfield county on the 19th day of April, 1905; nor was there any attempt made to do so; nor was that term adjourned; nor any attempt made to adjourn it. It is made to appear that the judge of said district was not sick, nor called into another district, nor had business in any other county which extended the sitting beyond the time appointed for the term. It is also made to appear that the district judge was not at the county seat of Garfield county on the 19th day of April, and not until the 1st day of May, 1905, when a session of court was attempted to be held; nor was the April term in any manner adjourned, or extended, or kept intact.

This case was tried on the 5th and 6th days of May and was submitted to the court, who, on the 21st day of June, made and filed findings and entered judgment.

From the foregoing it appears that this case was not tried at a time when the court was legally in session. For want of a session being held on April 19th, or of an adjournment as by law provided, that term failed and ended. Nor can the setting of the trial of this case be held to have been made or conducted at a time to which the November term was adjourned. That term ended on the 10th day of December, 1904, at which time the court adjourned, not from day to day, or to a future day certain, as under the law it might do, but adjourned "subject to call," which was an adjournment without day, and ended the term. Thereafter the court could not legally convene, nor could a session of court be held in Garfield county, till the next regular term time, which was fixed for April 19th. The sessions attempted to be held in March were illegal, and the proceedings attempted to be transacted by the court in pursuance thereof were without authority. An adjournment without fixing any special time ends the term, and the law determines the time at which the court shall convene to be at the beginning of the next term; but an adjournmnt of the term to a day certain leaves it intact. The failure of the judge of the district to attend and open court upon the appointed day, the 19th day of April, or of adjourning the term as by law provided, operated to end that term, and no further session of the court could be held until the next regular term. Terms of the district court can only be held at the times fixed, as by law provided, and if not held in accordance with the statute the proceedings will be void. A meeting together of the judge and the officers of the court at the place, but not at the time fixed as provided by law for holding court, is not a court, and their acts as such must be regarded as *coram non judice.* The views herein expressed are amply supported by the following authorities: *Irwin v. Irwin,* 2 Okl. 180, 37 Pac. 548; *In re Terrill,* 52 Kan. 29, 34 Pac. 457, 39 Am. St. Rep. 327; *McCool v. State,* 7 Ind. 378; *Cain et al. v. Goda,* 84 Ind.

209; *Brumley v. State,* 20 Ark. 77; *Insurance Co. v. Pappe,* 4 Okl. 110, 43 Pac. 1085; *Goodall v. People,* 123 Ill. 389, 15 N. E. 171; *White v. Riggs,* 27 Me. 114; 1 Pl. & Pr. 243; *Stovall v. Emerson,* 20 Mo. App. 322.

The contention, made by respondent, that the appearance of the defendant and its counsel at the setting of the case, and of their proceeding to trial without objection, precluded the appellant from raising the question that the court was not legally in session and was without authority to try the case, is not tenable, and is fully answered in the cases of *Insurance Co. v. Pappe,* supra, and *White v. Riggs,* supra, where it is held that if terms of court are fixed at stated periods, and the court fails to convene at the time so fixed, and by reason thereof the court is not legally in session, the parties to the action cannot, by agreement, confer jurisdiction upon the court to render a judgment binding upon the parties.

The judgment of the court below is therefore vacated and set aside, and a new trial granted; costs to appellant.

McCARTY, C. J., and FRICK, J., concur.