Bill BARTON, W. Randall Doyle, Betty F. Christensen, Chris Larsen, Richard Pearce, Samuel S. Taylor, Julia Pavliga, David K. Mast, Larry M. Liedtke, and R.J. Davis, Plaintiffs and Appellants,

v.

UTAH TRANSIT AUTHORITY, John C. Pingree, William D. Oswald, Oswald & Feil, P.C., a law firm, John M. Inglish, Gayland K. Moffat, Daniel L. Berman, Arlo Nelson, W. Bruce Haslam, Andrew L. Gallegos, Steven K. Randall, Robert H. De Boer, Pharis Blackhurst, Barbara Kemp, Joan Burnside, Orrin T. Colby, Jr., Bonnie Fernandez, Richard Jackson, and Debra Ann Mair, Defendants and Appellees.

No. 930344.

Supreme Court of Utah.

April 13, 1994.

Rehearing Denied May 5, 1994.

John Michael Coombs, Salt Lake City, for plaintiffs.

Gordon L. Roberts, Barbara K. Polich, Salt Lake City, for defendants.

RUSSON, Justice:

Plaintiffs appeal the trial court's order dismissing their amended complaint for lack of standing and imposing sanctions under rule 11 of the Utah Rules of Civil Procedure. Further, they appeal the trial court's orders that denied their (1) motion to treat defendants' rule 11 motion as a motion for summary judgment, (2) motion to disqualify defendants' counsel and compel counsel to disgorge its fees, (3) motion to compel individual defendants to pay their own legal fees, and (4) motion for reciprocal rule 11 sanctions. Defendants seek to have the appeal dismissed for lack of a final appealable order.

## FACTS

On February 12, 1993, plaintiffs[1] filed an amended complaint containing far-reaching allegations of racketeering, fraud, misappropriation of nonpublic information for personal use, misrepresentation, nondisclosure, concealment, conspiracy, mismanagement, waste, and breach of fiduciary duty. Plaintiffs named the Utah Transit Authority and its management, board of directors, and attorneys as defendants.

On March 25, 1993, before filing an answer, defendants filed two separate motions with supporting memoranda of law. The first motion urged dismissal of the amended

---

1. Plaintiffs are ten taxpaying residents of Salt Lake County who claim to be bringing this cause of action on behalf of themselves and "at least 750,000 other taxpayers similarly situated." However, since the trial court never certified such a class, this appeal is brought only by the ten named plaintiffs.

complaint for lack of standing because (1) plaintiffs, in asserting violations of federal racketeering law, failed to allege that they were injured by reason of any conduct, as required by the Racketeer Influenced and Corrupt Organizations Act, and (2) plaintiffs, in asserting violations of Utah law, failed to allege that they had sustained a direct and palpable injury or that they had a "greater interest" than other possible plaintiffs sufficient to afford them standing. The second motion sought imposition of rule 11 sanctions on the ground that plaintiffs' attorney had failed to engage in a reasonable inquiry into the law and facts prior to filing the complaint.[2] Specifically, defendants sought dismissal of the amended complaint with prejudice and an award of attorney fees and costs in their favor.

On March 30, 1993, plaintiffs filed four separate motions asking the trial court to (1) treat defendants' rule 11 motion as a motion for summary judgment, (2) compel individual defendants to pay their own legal fees, (3) disqualify defendants' counsel and compel counsel to disgorge its fees, and (4) impose reciprocal rule 11 sanctions against defendants. On April 13, 1993, the trial court heard oral argument on all six motions and, on May 11, 1993, signed three separate orders denying plaintiffs' motions to (1) treat defendants' rule 11 motion as a motion for summary judgment, (2) compel individual defendants to pay their own legal fees, and (3) disqualify defendants' counsel and compel counsel to disgorge its fees.

■ On May 19, 1993, the trial court ordered plaintiffs' amended complaint dismissed for lack of standing but stated that "plaintiffs may very well have a substantial legitimate basis for their accusations." Thus, the trial court left the door open for plaintiffs to file a second amended complaint, subject to a successful motion to amend.[3] The trial court also determined that plaintiffs had not made a reasonable inquiry before filing the amended complaint and imposed rule 11 sanctions, ordering plaintiffs to pay defendants' attorney fees and costs incurred in preparation and defense of the motions. However, it stayed the imposition of these sanctions unless plaintiffs refiled their claims in an identical or similar manner, at which time it would lift the stay. Further, the trial court denied plaintiffs' motion for reciprocal rule 11 sanctions.

On June 7, 1993, pursuant to Utah Rule of Civil Procedure 41(a), plaintiffs moved for voluntary dismissal of their complaint, and

**2.** Rule 11 states in part:

The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
Utah R.Civ.P. 11.

**3.** The May 19 order provided in part, "[T]he Court finds and concludes ... that the named plaintiffs lack standing and therefore the Amended Complaint is hereby dismissed." This language would appear to evidence a final appealable order. However, the order further reads:

[B]efore any other amended complaints are filed in this matter, appropriate motions to amend shall be filed with this Court, notice given to counsel, and both counsel will then have full opportunity to brief and argue the efficacy of whether or not a second amended complaint should be filed in this matter that would be subject to further rulings of the Court.

Thus, the trial court, by allowing plaintiffs to file a second amended complaint, manifested its intent to retain jurisdiction and control over the case rather than dismissing it outright. Because we look not only to the language, but also to the effect of a dismissal order, *Pate v. Marathon Steel Co.*, 692 P.2d 765, 768 (Utah 1984); *Bowles v. State*, 652 P.2d 1345, 1346 (Utah 1982); *see also* 9 James W. Moore et al., *Moore's Federal Practice* ¶ 110.08[1] (2d ed. 1993) (order sustaining motion to dismiss with leave to amend complaint is interlocutory), we find that the May 19 order was not final but rather interlocutory in nature. Thus, plaintiffs' possible remedies at that time included filing an interlocutory appeal, *see* Utah R.App.P. 5, or moving to amend their complaint.

the trial court granted the motion on June 10, 1993.[4] However, in its June 10 order, the trial court, over plaintiffs' objection, expressly retained jurisdiction to enforce the rule 11 sanctions imposed in the May 19 order should that become necessary.

Plaintiffs appealed each of the May 11 orders as well as the May 19 order. Defendants moved to dismiss the appeal for lack of a final appealable order or, in the alternative, for summary affirmance, but this court deferred that motion until plenary presentation and consideration of the case. Thus, before we reach plaintiffs' issues, we first address defendants' motion to dismiss the appeal.

## APPEALABILITY

■ Defendants assert that this court does not have jurisdiction to hear an appeal of the May 11 and May 19 orders. They argue that because the trial court's June 10 order granted plaintiffs' motion to voluntarily dismiss their amended complaint without prejudice, there is no final appealable order. Further, they claim that plaintiffs cannot turn an interlocutory order into a final appealable order simply by voluntarily dismissing the action. Plaintiffs respond that the trial court's May 19 order dismissing their amended complaint for lack of standing and imposing rule 11 sanctions, in conjunction with the June 10 order granting their motion for voluntary dismissal, effectively bars them from proceeding further, thereby resulting in legal prejudice.

■ A party who voluntarily dismisses its complaint without prejudice generally has no right to appeal. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 680, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1958); *Bowers v. St. Louis S.W. Ry.*, 668 F.2d 369 (8th Cir. 1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982); *Yoffe v. Keller*

*Indus., Inc.*, 580 F.2d 126, 129 (5th Cir.1978), *cert. denied*, 440 U.S. 915, 99 S.Ct. 1231, 59 L.Ed.2d 464 (1979).[5] The rationale behind this rule is that a voluntary dismissal without prejudice "render[s] the proceedings a nullity and leave[s] the parties as if the action had never been brought." *In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir.1977). Indeed, a plaintiff who moves for voluntary dismissal receives just that which is sought—"the dismissal of his action and the right to bring a later suit on the same cause of action, without adjudication of the merits." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir.1976). However, an exception to the general rule has been recognized when (1) the plaintiff is legally prejudiced by certain conditions placed by the court on the voluntary dismissal, and (2) the plaintiff evidences no acquiescence in those conditions. *Bowers*, 668 F.2d at 369–70; *Yoffe*, 580 F.2d at 130; *LeCompte*, 528 F.2d at 603–04. When both of these conditions are met, the plaintiff may appeal a voluntary dismissal.

In the June 10 order granting plaintiffs' motion to voluntarily dismiss, the trial court specifically retained jurisdiction over the case to the extent necessary to enforce the rule 11 sanctions it had imposed on plaintiffs. This condition was imposed over the objection of plaintiffs' counsel, evidencing plaintiffs' lack of acquiescence in that condition. Thus, plaintiffs meet the second prong of the exception to the nonappealability of voluntary dismissals.

However, plaintiffs fail to meet the first prong of the exception inasmuch as they have not shown legal prejudice by the trial court's retention of jurisdiction to enforce the stayed rule 11 sanctions. Plaintiffs argue that because the June 10 voluntary dismissal order allows the trial court to retain jurisdiction

---

**4.** Utah Rule of Civil Procedure 41(a) provides that unless otherwise stated in the notice of dismissal, a voluntary dismissal is "without prejudice." Since the June 10 order is silent as to its effect, the dismissal was without prejudice.

**5.** This court recognizes the persuasiveness of federal interpretations when the state and federal rules are similar and few Utah cases deal with the rule in question. *Pate v. Marathon Steel Co.*,

692 P.2d 765, 767 & n. 1 (Utah 1984). Here, the wording of Utah Rule of Civil Procedure 41(a) is nearly identical to that of Federal Rule of Civil Procedure 41(a), and counsel have not cited us to, nor has our own research revealed, any Utah cases addressing the appealability of a voluntary dismissal. Thus, federal interpretations of Federal Rule of Civil Procedure 41(a), while not binding, are helpful in this case.

over the rule 11 sanctions, it does not allow them to file a second amended complaint that is identical or similar to their first amended complaint and therefore is equivalent to a final judgment on the merits. We disagree.

 Imposition of rule 11 sanctions does not necessarily indicate that a complaint was filed without basis, but only that "the attorney has abused the judicial process." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990). Indeed, by their very nature, rule 11 sanctions are a collateral issue and do not address the merits of the party's cause of action. *Id.* at 395, 110 S.Ct. at 2455; *see also Saunders v. Sharp*, 818 P.2d 574, 578 (Utah Ct.App.1991) (holding issue of attorney fees is collateral matter, appropriately considered after filing appeal). Thus, the imposition of rule 11 sanctions and the subsequent retention of jurisdiction to enforce those sanctions do not amount to legal prejudice.[6]

In the case at bar, the trial court's retention of jurisdiction to enforce rule 11 sanctions does not legally prejudice plaintiffs. They are not legally inhibited from filing a new lawsuit that meets the requirements of rule 11. This is especially true in light of the fact that by specifically stating in its May 19 order imposing sanctions that "plaintiffs may very well have a substantial legitimate basis for their accusations," the trial court not only left the door open for plaintiffs to file a second amended complaint, but also required them to move to amend prior to filing such complaint. If plaintiffs had done so, this procedure would have given them an oppor-

tunity to argue the propriety of the proposed new amended complaint prior to actually having to file it, thus enabling them to avoid the imposition of the stayed sanctions. Accordingly, because plaintiffs voluntarily dismissed their amended complaint and do not fall within the exception to the general rule that voluntary dismissals without prejudice are not appealable, we lack jurisdiction to entertain their appeal.[7]

## CONCLUSION

We hold that this court does not have jurisdiction to hear plaintiffs' appeal of the May 11 and May 19 orders because the trial court's June 10 order granted plaintiffs' motion for voluntary dismissal and dismissed plaintiffs' amended complaint without prejudice.

ZIMMERMAN, C.J., and HOWE and DURHAM, JJ., concur.

NORMAN H. JACKSON, Court of Appeals Judge, concurs in the result.

STEWART, Associate C.J., having disqualified himself, does not participate herein; JACKSON, Court of Appeals Judge, sat.

---

6. It is proper for a trial court to enforce rule 11 sanctions after a plaintiff has voluntarily dismissed an action under rule 41(a). *Cooter*, 496 U.S. at 395, 110 S.Ct. at 2455. If a trial court could not do so, rule 11 sanctions would lose their bite. A sanctioned plaintiff could always voluntarily dismiss to avoid sanctions and then later refile a complaint with a clean slate. However, the violation of rule 11 is complete when the party files the pleading, motion, or other paper with the court, and a subsequent voluntary dismissal does not eradicate the rule 11 violation. *Id.* Indeed, rule 11 affirmatively states that the trial court "shall impose" sanctions on a violator. Thus, once a trial court finds a violation, it must (1) impose sanctions and (2) be able to retain jurisdiction to enforce those sanctions.

7. Although it was proper for the trial court to retain jurisdiction to enforce the imposed rule 11 sanctions, we do not address the appropriateness of those sanctions because the trial court never issued a final appealable order directing the payment of sanctions in a specific dollar amount. The record indicates that the parties dispute the amount of attorney fees incurred in the case and that the trial court has not held a hearing to determine the amount it would impose. Additionally, the trial court stayed the imposition of rule 11 sanctions unless plaintiffs refile their claims in an identical or similar manner, and there is no indication that plaintiffs will ever actually have to pay sanctions even if they refile their claims, so long as this amended complaint meets the requirements of rule 11 and the May 19 order.