2002 UT 49

**PHOENIX INDEMNITY INSURANCE COMPANY and Jason David Merrill, Plaintiffs and Appellant,**

v.

**Marlene T. SMITH, aka Marlene Yardley, and Yardley Inn, a Utah limited liability company, Defendants and Appellees.**

No. 20000769.

Supreme Court of Utah.

May 10, 2002.

Trent J. Waddoups, Taylor D. Carr, Salt Lake City, for Phoenix Indemnity Insurance Co.

Paul M. Belnap, Andrew D. Wright, Byron G. Martin, Salt Lake City, for defendants.

RUSSON, Justice:

¶ 1 Phoenix Indemnity Insurance Company ("Phoenix") appeals the trial court's denial of its motion for partial summary judgment made prior to stipulated settlement of the case and entry of a final order of dismissal. Marlene Smith, a.k.a. Marlene Yardley ("Yardley"), moves for summary disposition for lack of jurisdiction pursuant to rule 10(a)(1) of the Utah Rules of Appellate Procedure. We grant Yardley's motion for summary disposition and dismiss the appeal.

## BACKGROUND AND PROCEDURAL HISTORY

¶ 2 This appeal arises out of an automobile accident that occurred between David Merrill ("Merrill") and Yardley on October 27, 1997. On July 20, 1998, Merrill's insurance company, Phoenix, filed a subrogation action against Yardley. On December 3, 1999, Phoenix moved the trial court for partial summary judgment, arguing that the undisputed facts entitled Phoenix to relief based upon a theory of indemnification. Yardley opposed this motion by filing a responsive memorandum of law. The trial court denied Phoenix's motion for partial summary judgment and treated Yardley's memorandum of law in opposition to Phoenix's motion as a cross-motion for partial summary judgment, which it granted. The case then continued to trial before a jury. After a two-day trial, the jury returned a verdict that apportioned liability to Merrill and Yardley and determined Merrill's damages. Subsequently, the parties were unable to resolve their disagree-ments regarding the form of the proposed order of judgment, and as a result, a final judgment on the jury verdict was never signed or entered by the trial court. Eventually, the parties were able to agree that rather than submitting a proposed order of judgment to the trial court, Yardley and Phoenix would settle the case and the parties would file a stipulated motion to dismiss pursuant to Utah Rule of Civil Procedure 41(a)(2). Phoenix drafted the stipulated motion, and both parties signed it. The trial court granted the stipulated motion to dismiss and signed the order of dismissal on August 3, 2000. On September 1, 2000, Phoenix filed a notice of appeal, seeking review of the trial court's prior denial of its motion for partial summary judgment. In response, on September 28, 2000, Yardley moved this court for summary disposition for lack of jurisdiction pursuant to Utah Rule of Appellate Procedure 10(a)(1). We deferred ruling on this motion until briefing and oral argument had been completed.

## ANALYSIS

¶ 3 It is axiomatic that "[a] party who voluntarily dismisses its complaint without prejudice generally has no right to appeal." [1] *Barton v. Utah Transit Auth.,* 872 P.2d 1036, 1039 (Utah 1994) (citing *United States v. Procter & Gamble Co.,* 356 U.S. 677, 680, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)). A voluntary dismissal without prejudice " 'render[s] the proceedings a nullity and leave[s] the parties as if the action had never been brought.' " *Id.* (alterations in original) (quoting *In re Piper Aircraft Distribution Sys. Antitrust Litig.,* 551 F.2d 213, 219 (8th Cir. 1977)). Moreover, "[w]here the actions of the parties themselves cause a settling of their differences, the case becomes moot," and "an appeal will be dismissed as moot where the matter raised was settled by agreement, such as by ... voluntary dismissal of a claim." 5 Am.Jur.2d *Appellate Review* § 654 (1995).

---

1. The trial court granted the voluntary stipulated dismissal pursuant to rule 41(a)(2). Under this rule, unless otherwise specifically indicated in the order of dismissal, a voluntary dismissal under this subsection of the rule is "without prejudice." Utah R. Civ. P. 41(a)(2).

¶ 4 In the instant case, the parties, after agreeing to settle the case, signed and submitted to the court a stipulated motion to dismiss the underlying complaint. The stipulated motion to dismiss, which was drafted by Phoenix and referenced in and relied upon by the trial court in its order of dismissal, dismissed Phoenix's action against Yardley, stating:

> Pursuant to Rule 41(a)(2) of the Utah Rules of Civil Procedure, Plaintiffs and Defendants hereby jointly move and stipulate that the within action be dismissed. The underlying claim has been satisfactorily settled, and no counterclaims, objections, or motions remain pending.

The parties' stipulated motion to dismiss and the trial court's order of dismissal are clear. The litigants in this action, through their concerted efforts, ended the dispute between themselves by means of settlement and stipulation, and by doing so, rendered the foregoing proceedings a nullity. As a result, Phoenix has no right to appeal, and the appropriateness of the trial court's prior denial of Phoenix's motion for partial summary judgment is moot.

¶ 5 Finally, Phoenix's argument that the parties had expressly agreed as part of their settlement and stipulation to dismiss that Phoenix reserved its right to appeal the denial of its motion for partial summary judgment is without merit. Phoenix relies on two letters exchanged by the parties that memorialized their agreement as evidence that Phoenix purportedly reserved its right to appeal. This correspondence, while referencing Phoenix's intention to appeal the trial court's denial of its motion for partial summary judgment, does not indicate that the parties agreed to a reservation of Phoenix's right to appeal. In fact, the responsive letter from Yardley to Phoenix regarding the settlement explicitly refuses to stipulate to a reservation of Phoenix's right to appeal the denial of its motion for partial summary judgment.[2] In any event, it is well settled that "the parties to the action cannot, by agreement, confer jurisdiction upon the court" where it would otherwise have none. *Myers v. E. Bench Irrigation Co.*, 32 Utah 215, 221, 89 P. 1005, 1006 (1907); *see also* 4 Am.Jur.2d *Appellate Review* § 77 (1995) ("The parties may not confer jurisdiction on an appellate court by waiver, acquiescence, or consent.").

## CONCLUSION

¶ 6 Because the parties settled their dispute and voluntarily stipulated to dismiss the underlying action, Phoenix does not have the right to appeal the trial court's prior denial of its motion for partial summary judgment and the issue is moot. Therefore, Yardley's motion for summary disposition for lack of jurisdiction pursuant to Utah Rule of Appellate Procedure 10(a)(1) is granted, and the appeal is dismissed.

¶ 7 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Judge JACKSON concur in Justice RUSSON's opinion.

¶ 8 Having disqualified himself, Justice HOWE does not participate herein; Court of Appeals Judge NORMAN JACKSON sat.

---

**2.** In relevant part, Yardley's letter states: "We understand that you intend to appeal the summary judgment denial pertaining to indemnity. We *cannot stipulate,* however, that your client has any greater or lesser rights pertaining to an appeal on the indemnity than what is provided under law." (Emphasis added.)