*This opinion is subject to revision before final*
*publication in the Pacific Reporter*

**2018 UT 43**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

FIRST NATIONAL BANK OF LAYTON,
*Appellee,*

*v.*

RAY WILLIAM. PALMER,
*Appellant.*

No. 20160280
Filed August 16, 2018

On Direct Appeal

Seventh District, Monticello
The Honorable Lyle R. Anderson
No. 090700136

Attorneys:

Matthew C. Barneck, Brian D. Bolinder, Wayne Z. Bennett, Salt Lake
City, for appellee

Craig C. Halls, Blanding, for appellant

JUSTICE HIMONAS authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE PEARCE, and JUSTICE PETERSEN joined.

JUSTICE HIMONAS, opinion of the Court:

### INTRODUCTION

¶1    In this case we are asked to decide whether the district court abused its discretion in denying Ray Palmer's motion to amend his counterclaim and to join a party. Although the parties present this case as an appeal from a final order pursuant to Utah Rule of Civil Procedure 54(b), the district court's rule 54(b) certification does not make the necessary express determination that there is no just reason for delay. Additionally, the district court fails to offer the rationale necessary under Utah Rule of Civil Procedure 52(a). Although "not a *technical* bar to our jurisdiction, it functions as a *practical* bar to our

appellate jurisdiction. We cannot review an order that does not offer the court enough findings and conclusions to understand the [district] court's reason[ing]." *Copper Hills Custom Homes v. Countrywide Bank, FSB*, 2018 UT 42, ¶ 27, ---P.3d--- (alterations in original) (citation omitted) (internal quotation marks omitted). And the district court did not "enter findings supporting the conclusion that [the certified] order[] [is] final." *Bennion v. Pennzoil Co.*, 826 P.2d 137, 139 (Utah 1992) (per curiam). Therefore, we hold that we lack appellate jurisdiction and dismiss the appeal.

## BACKGROUND

¶2   This case comes before us with a complex procedural history, before both the district court and the court of appeals. However, the majority of the underlying facts and procedural history are irrelevant for the purposes of our disposition of this appeal. We therefore provide only the relevant factual and procedural information.

¶3   First National Bank of Layton (FNB) filed a suit against Mr. Palmer and several other parties. In response, Mr. Palmer filed counterclaims against FNB and cross-claims against several of the other defendants. After extensive litigation before the district court and multiple appeals to the court of appeals, Mr. Palmer filed a motion to amend his counterclaim against FNB and to join a party. The trial court denied that motion on the grounds that it was untimely because it was filed after the deadline set in the scheduling order and that granting it would cause unfair prejudice to FNB.

¶4   After further summary judgment proceedings on the remaining claims, FNB and Mr. Palmer "reached a settlement and compromise that [was] documented in a private agreement" and stipulated to a voluntary dismissal of all of the claims and counterclaims between FNB and Mr. Palmer without prejudice. The court entered a stipulated dismissal, which preserved "[a]ny right that [Mr.] Palmer may have to appeal" the order denying his motion to amend and to join a party. Additionally, the dismissal did not affect Mr. Palmer's cross-claims against the other defendants, which are still ongoing. The district court entered an order certifying the stipulated dismissal without prejudice as final pursuant to rule 54(b) of the Utah Rules of Civil Procedure. Mr. Palmer appealed the district court's denial of his motion to amend and to join a party.

## STANDARD OF REVIEW

¶5   "Whether appellate jurisdiction exists is a question of law, which we review for correctness." *Butler v. Corp. of The President of The Church of Jesus Christ of Latter-day Saints*, 2014 UT 41, ¶ 15, 337 P.3d 280. Additionally, "[w]hether a district court's judgment is final is a question of law," which we can consider for the first time on appeal. *DFI Props. LLC v. GR 2 Enters. LLC*, 2010 UT 61, ¶ 15, 242 P.3d 781 (citation omitted).

## ANALYSIS

¶6   The parties present this case as an appeal of a final order over which we have jurisdiction pursuant to Utah Code section 78A-3-102(3)(j). But "acquiescence of the parties is insufficient to confer jurisdiction on the court." *A.J. Mackay Co. v. Okland Constr. Co.*, 817 P.2d 323, 325 (Utah 1991) (citation omitted). Instead, it is essential that we are satisfied that we have jurisdiction before reaching the merits of the case. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649 ("[A] lack of jurisdiction can be raised by the court or either party at any time." (citation omitted)). And when we conclude that we lack jurisdiction, as is the case here, it is "incumbent upon us . . . to dismiss the appeal." *Copper Hills Custom Homes v. Countrywide Bank, FSB*, 2018 UT 42, ¶ 2, ---P.3d--- (citation omitted) (internal quotation marks omitted).

¶7   Two sets of principles govern our jurisdictional concerns today: the final judgment rule and mootness. Under the final judgment rule, we generally have jurisdiction over an appeal only if it "is taken from a final order or judgment that end[s] the controversy between the litigants." *Id.* ¶ 10 (alteration in original) (citation omitted) (internal quotation marks omitted); *see also Bradbury*, 2000 UT 50, ¶ 9 ("For an order or judgment to be final, it must dispose of the case as *to all the parties*, and finally dispose of the subject-matter of the litigation on the merits of the case." (citation omitted) (internal quotation marks omitted)). There are three exceptions to this rule: (1) appeals taken under "statutory avenue[s] for appealing nonfinal orders," *Copper Hills*, 2018 UT 42, ¶ 13 (citation omitted), (2) interlocutory appeals under Utah Rule of

Appellate Procedure 5, *id.* ¶ 14, and (3) certification under Utah Rule of Civil Procedure 54(b),[1] *id.* ¶ 15.

¶8   Because Mr. Palmer still has ongoing claims against other parties, he obtained rule 54(b) certification of his voluntary dismissal without prejudice from the district court in an attempt to satisfy the third exception to the final judgment rule. Thus, it is only this exception that is potentially before us today.

¶9   For certification to be proper under rule 54(b), three requirements must be met: (1) "there must be multiple claims for relief or multiple parties in the action;" (2) "the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action;" and (3) "the [district] court, in its discretion, must make a[n express] determination that there is no just reason for delay." *Id.* ¶ 16 (alterations in original) (citation omitted) (internal quotation marks omitted).

¶10   Even if the final judgment rule has been satisfied, we lack jurisdiction over issues that have become moot. *See Phx. Indem. Ins. Co. v. Smith*, 2002 UT 49, ¶ 6, 48 P.3d 976; *Barton v. Utah Transit Auth.*, 872 P.2d 1036, 1039–40 (Utah 1994). When "the parties settle[] their dispute and voluntarily stipulate[] to dismiss the underlying" claims, a party "does not have the right to appeal the [district] court's prior" ruling on issues related to those claims because "the

---

[1] Utah Rule of Civil Procedure 54(b) provides:

When an action presents more than one claim for relief—whether as a claim, counterclaim, cross claim, or third party claim—and/or when multiple parties are involved, the court may enter judgment as to one or more but fewer than all of the claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties, and may be changed at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

issue[s are] moot." *Phx. Indem.*, 2002 UT 49, ¶ 6. And the parties cannot stipulate to reserve a right to appeal a previous decision related to those claims because "the parties to the action cannot, by agreement, confer jurisdiction upon the court where it would otherwise have none." *Id.* ¶ 5 (citation omitted) (internal quotation marks omitted).

¶11 This case raises several issues of potential jurisdictional concern. The first potential jurisdictional concern rises from the district court's grant of rule 54(b) certification to a voluntary dismissal without prejudice. The plain language of rule 54(b) allows a district court to "*enter judgment* as to one or more but fewer than all of the claims or parties." UTAH R. CIV. P. 54(b) (emphasis added). And the second requirement for proper rule 54(b) certification mandates that "the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action." *Copper Hills*, 2018 UT 42, ¶ 16 (citation omitted). We have some doubt that a voluntary dismissal without prejudice can satisfy these prerequisites to proper rule 54(b) certification. Instead of functioning as a judgment against a party, "[a] voluntary dismissal without prejudice render[s] the proceedings a nullity and leave[s] the parties as if the action had never been brought." *Phx. Indem.*, 2002 UT 49, ¶ 3 (second and third alterations in original) (citation omitted) (internal quotation marks omitted). And "[a] party who voluntarily dismisses its complaint without prejudice generally has no right to appeal." *Id.* (alteration in original) (citation omitted).[2]

¶12 The second potential jurisdictional concern stems from the order Mr. Palmer is appealing—the denial of his motion to amend his counterclaims and to join a party. The district court only certified the parties' voluntary dismissal without prejudice as final; it did not

---

[2] There is an exception to this general prohibition if a party is able to meet two requirements: "(1) the plaintiff is legally prejudiced by certain conditions placed by the court on the voluntary dismissal, and (2) the plaintiff evidences no acquiescence in those conditions." *Barton*, 872 P.2d at 1039 (citations omitted). We do not pass on whether Mr. Palmer would be able to meet these requirements here because we dismiss for lack of appellate jurisdiction on other grounds.

certify the denial of Mr. Palmer's motion to amend and to join a party as final. To the extent that Mr. Palmer's motion to amend relates to the counterclaims he dismissed in the stipulated dismissal without prejudice, we are concerned that the denial of the motion to amend is moot and Mr. Palmer lacks the right to appeal that issue. *See id.* ¶ 6 (concluding that where "the parties settled their dispute and voluntarily stipulated to dismiss the underlying action, [the plaintiff] does not have the right to appeal the [district] court's prior denial of its motion for partial summary judgment and the issue is moot"); *Barton*, 872 P.2d at 1039 ("A party who voluntarily dismisses its complaint without prejudice generally has no right to appeal. . . . [because] a plaintiff who moves for voluntary dismissal receives just that which is sought—the dismissal of his action and the right to bring a later suit on the same cause of action, without adjudication of the merits." (citations omitted) (internal quotation marks omitted)). And to the extent that Mr. Palmer's attempt to amend his counterclaims and to join a party is unrelated to the voluntary dismissal, the district court did not certify that denial as final, and therefore that denial would not meet the rule 54(b) exception to the final judgment rule.[3]

¶13 The final potential jurisdictional concern results from the content of the district court's rule 54(b) certification. The district court never "make[s] a[n express] determination that there is no just reason for delay." *See Copper Hills*, 2018 UT 42, ¶ 16 (second alteration in original) (citation omitted). Additionally, the district court fails to comply with the requirement, generally provided by Utah Rule of Civil Procedure 52(a), to "advance[] a rationale as to why" there is no just reason for delay and enter findings that "detail the lack of factual overlap between the certified and remaining claims." *Id.* ¶ 21 (alteration in original) (citation omitted) (internal quotation marks omitted); *see also id.* ¶ 27.

---

[3] This is, of course, not to say that the district court could have certified its denial of Mr. Palmer's motion to amend and to join a party as final under rule 54(b). It is not clear to us that the district court's denial "would be appealable but for the fact that other claims or parties remain in the action." *Copper Hills*, 2018 UT 42, ¶ 16 (citation omitted); *see also supra* ¶ 11.

¶14 The first two potential jurisdictional concerns we raise present interesting, but more complicated and nuanced, issues for our consideration. We need not, however, reach them here, because the third jurisdictional concern presents us with an unavoidable conclusion—we lack jurisdiction over this appeal and must dismiss. While we have previously never had to confront this issue because "certifications seen in this court" at least meet this minimum threshold requirement by "universally includ[ing] an incantation" that there is "no just reason for delay," *Bennion v. Pennzoil Co.*, 826 P.2d 137, 139 (Utah 1992) (per curiam), we hold in another case today that a district court's failure to include that express language prevents jurisdiction from being vested in this court. *Copper Hills*, 2018 UT 42, ¶ 26. The district court's failure to make that determination here is fatal to our exercise of jurisdiction, and we therefore dismiss for lack of appellate jurisdiction.[4]

## CONCLUSION

¶15 The rule 54(b) certification did not contain the necessary express determination that there is no just reason for delay. Nor has the district court entered rule 52(a) factual findings that support this determination. Therefore, the district court has not entered any final order in this case, and because no exception to the final judgment rule exists, we dismiss this appeal for lack of appellate jurisdiction.

---

[4] While we have discretion under Utah Rule of Appellate Procedure 5(a) to treat certain improper 54(b) certifications as interlocutory appeals, we decline to exercise this discretion here based on the other jurisdictional concerns we raise.