2018 UT App 223

# THE UTAH COURT OF APPEALS

KIM HAYES AND NANCY HAYES,
Appellants,

*v.*

INTERMOUNTAIN GEOENVIRONMENTAL SERVICES INC.,
Appellee.

Opinion
No. 20180034-CA
Filed November 29, 2018

Second District Court, Farmington Department
The Honorable Glen R. Dawson
No. 170700693

Damian C. Smith, Attorney for Appellants

Anna Nelson, Attorney for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES JILL M. POHLMAN and RYAN M. HARRIS concurred.

ORME, Judge:

¶1 Plaintiffs Kim and Nancy Hayes appeal the district court's dismissal of their claims against defendant Intermountain GeoEnvironmental Services Inc. (IGES). IGES is one of three defendants against whom the Hayeses brought suit. In response to a motion brought by IGES pursuant to rule 54(b) of the Utah Rules of Civil Procedure, the district court entered an order characterizing the previously entered order of dismissal as "a final order, thus starting [the] time for appeals should there be any, from the date this Order is signed and entered." Given the text of the district court's order, and in light of our Supreme Court's recent decisions in *First National Bank v. Palmer*, 2018 UT 43, 427 P.3d 1169, and *Copper Hills Custom Homes, LLC v. Countrywide*

*Bank, FSB*, 2018 UT 56, 428 P.3d 1133 (amended opinion), we have determined that we lack appellate jurisdiction and have no choice but to dismiss this appeal.

¶2 Because "acquiescence of the parties is insufficient to confer jurisdiction on the court," *Palmer*, 2018 UT 43, ¶ 6 (quotation simplified), "the initial inquiry of any court should always be to determine whether the requested action is within its jurisdiction," *Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989). As a general rule, appellate courts obtain jurisdiction over an appeal only after the district court issues "a final order or judgment that ends the controversy between the litigants." *Copper Hills*, 2018 UT 56, ¶ 10 (quotation simplified). This limit to appellate jurisdiction "is often referred to as the final judgment rule." *Id.* (quotation simplified). An appeal brought pursuant to rule 54(b) of the Utah Rules of Civil Procedure is one of the few exceptions to this rule. *See id.* ¶¶ 13–15.

¶3 For a nonfinal order to be properly certified for appeal under rule 54(b), first, "there must be multiple claims for relief or multiple parties to the action;" second, "the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action;" and third, "the district court, in its discretion, *must make an express determination that there is no just reason for delay*." *Id.* ¶ 16 (emphasis added) (quotations simplified). Additionally, rule 52(a) of the Utah Rules of Civil Procedure requires that the district court "enter findings supporting the conclusion that the certified orders are final." *Id.* ¶ 21 (quotation simplified). Those findings should, among other things, "advance a rationale as to why" there is "no just reason for delay." *Id.* (quotation simplified). This is a practical requirement because appellate courts "cannot review

an order that does not offer the court enough findings and conclusions to understand the district court's reasoning."[1] *Id.* ¶ 27 (quotation simplified).

¶4 Here, although its order was captioned "Order on Defendant [IGES's] Motion for Rule 54(b) Certification," the district court merely stated that its prior order of dismissal "is deemed a final order, thus starting [the] time for appeals." The order, which was drafted by IGES's counsel, failed to include findings and the requisite express language that there is "no just reason for delay." *See Palmer*, 2018 UT 43, ¶ 13 (quotation simplified). Because the certification order did not satisfy rules 52(a) and 54(b), we reach the "unavoidable conclusion" that we lack jurisdiction over this appeal. *Id.* ¶ 14.

¶5 The inefficiency attending dismissal of a case that was set for oral argument is regrettable. "Unfortunately, because the final judgment rule is jurisdictional and not discretionary, we are powerless to decide the merits of the appeal for the sake of convenience." *Heartwood Home Health & Hospice LLC v. Huber*, 2016 UT App 183, ¶ 13 n.4, 382 P.3d 1074. When an appellate court determines that it lacks appellate jurisdiction, "it 'retains only the authority to dismiss the action.'" *Ramsay v. Kane County Human Res. Special Service Dist.*, 2014 UT 5, ¶ 17, 322 P.3d 1163 (quoting *Varian-Eimac*, 767 P.2d at 570). Although it is tempting to temporarily remand to the district court to enter

---

1. While a district court's overall ruling on finality is reviewed for correctness, the court's specific determination that there is "no just reason for delay"—the third criterion of rule 54(b)—is reviewed for abuse of discretion. *Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 22 n.6, 428 P.3d 1133.

a proper rule 54(b) certification, we lack the authority to do so.[2] Accordingly, we dismiss this appeal.

————————

2. While we do have the discretion to treat an improper rule 54(b) certification as a request for leave to take an interlocutory appeal under rule 5(a) of the Utah Rules of Appellate Procedure, such discretion is rarely exercised, *cf. Chaparro v. Torero*, 2018 UT App 181, ¶ 28 (noting that purported appeals of right may be treated as interlocutory appeals only in "extraordinary cases" and that "[s]uch exceptional treatment cannot be justified merely because the jurisdictional defect escaped earlier detection and the appeal has progressed to a stage where dismissal would constitute a significant waste of party and judicial resources"), and we do not exercise that discretion here. As in *Copper Hills*, there is no basis apparent on the record that leads us to conclude that this "appeal may materially advance the termination of the litigation." Utah R. App. P. 5(c)(1)(D). *See Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 29 n.15, 428 P.3d 1133. Of course, either party may move the district court to properly certify the order that is the subject of this dismissed appeal in accordance with the strict mandates of rule 54(b) and its jurisprudence. *See Copper Hills*, 2018 UT 56, ¶ 29 n.15. With such certification, an appeal could then be properly taken from the order of dismissal.