2021 UT App 68

## THE UTAH COURT OF APPEALS

RAIN INTERNATIONAL LLC,
Appellee,
*v.*
PAUL A. DROCKTON,
Appellant.

Per Curiam Opinion
No. 20210156-CA
Filed July 1, 2021

Fourth District Court, Provo Department
The Honorable Christine S. Johnson
No. 190401824

Paul A. Drockton, Appellant Pro Se

Jeremy J. Stewart and Kristen J. Overton, Attorneys
for Appellee

Before JUDGES DAVID N. MORTENSEN, JILL M. POHLMAN, and
RYAN M. HARRIS.

PER CURIAM:

¶1 Paul A. Drockton appeals the district court's judgment for attorney fees, entered against him as a sanction for failing to comply with discovery obligations and an order of the district court. This matter is before this court on its own motion for summary disposition based on lack of jurisdiction. "Whether appellate jurisdiction exists is a question of law, which we review for correctness." *First Nat'l Bank of Layton v. Palmer*, 2018 UT 43, ¶ 5, 427 P.3d 1169 (quotation simplified).

¶2 "As a general rule, an appellate court does not have jurisdiction to consider an appeal unless the appeal is taken from a final order or judgment that ends the controversy between the litigants." *Copper Hills Custom Homes, LLC v. Countrywide Bank,*

*FSB*, 2018 UT 56, ¶ 10, 428 P.3d 1133 (cleaned up). An exception to the final judgment rule is when a district court certifies an order as final and appealable under rule 54(b) of the Utah Rules of Civil Procedure. *Id.* ¶ 15. Rule 54(b) provides,

> When an action presents more than one claim for relief—whether as a claim, counterclaim, cross-claim, or third-party claim—and/or when multiple parties are involved, the court may enter judgment as to one or more but fewer than all of the claims or parties only if the court expressly determines that there is no just reason for delay.

Utah R. Civ. P. 54(b).

"[A]n order properly certified under rule 54(b) is considered final and appealable by right . . . ." *Copper Hills*, 2018 UT 56, ¶ 15. However, appellate courts do not have jurisdiction to review orders that district courts have improperly certified. *Id.*

¶3      Here, Rain International LLC moved the district court to certify the attorney fees award as a final judgment pursuant to rule 54(b). The district court granted the motion and certified the attorney fees award as a final and appealable order. However, we hold that the fee award in this case is a sanction that does not stem from a "claim," as that term is used in rule 54(b), and is therefore not properly certified as final and appealable.

¶4      "When we interpret a procedural rule, we do so according to our general rules of statutory construction." *Arbogast Family Trust v. River Crossings, LLC*, 2010 UT 40, ¶ 18, 238 P.3d 1035. Accordingly, we begin with the plain language of the rule. *Id.* Rule 54(b) states that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, cross-claim, or third-party claim— . . . the court may enter judgment as to one or more but fewer than all of the claims." Utah R. Civ. P. 54(b).

¶5    A claim is "the aggregate of operative facts which give rise to a right enforceable in the courts." *Mack v. Department of Com.*, 2009 UT 47, ¶ 30, 221 P.3d 194 (quotation simplified). Under the general rule of pleadings, "[a]n original claim, counterclaim, cross-claim or third-party claim must contain a short and plain statement of the claim showing that the party is entitled to relief." Utah R. Civ. P. 8(a). Notably, the language in rule 54(b) parallels the pleadings listed in rule 8(a).

¶6    Under the plain language of rule 54(b), the multiple "claims" referenced are causes of action alleged in the pleadings, whether in the original complaint or a responsive pleading. And, to be properly certified pursuant to the rule, the order must dispose of one of the specific claims alleged in the pleadings. Here, the district court certified a judgment for attorney fees awarded as a discovery sanction under rule 37 of the Utah Rules of Civil Procedure. A sanction for conduct during the course of a case is not a "claim for relief" as contemplated by rule 54(b). *See Mack*, 2009 UT 47, ¶ 30. "[A]n order that does not wholly dispose of a claim or a party is not 'final' under Rule 54(b) and will not be appealable, even with such a certification." *Pate v. Marathon Steel Co.*, 692 P.2d 765, 768 (Utah 1984). Because the attorney fees judgment did not wholly dispose of any "claim," that judgment was improperly certified and this court lacks jurisdiction. *See Copper Hills*, 2018 UT 56, ¶ 15

¶7    Dismissed.

_____