Sam H. BENNION, Plaintiff
and Appellant,

v.

PENNZOIL COMPANY, a Delaware cor-
poration, and Proven Properties, Inc., a
Delaware corporation, Defendants and
Appellees.

No. 910099.

Supreme Court of Utah.

Jan. 30, 1992.

Peter Stirba, Barbara Zimmerman, Salt
Lake City, for plaintiff and appellant.

Thomas W. Bachtell, Michael F. Jones,
Salt Lake City, for defendants and appel-
lees.

PER CURIAM:

In this case, we again consider the certi-
fiability of an order declared final for pur-
poses of appeal under rule 54(b) of the
Utah Rules of Civil Procedure.

Plaintiff Sam Bennion is a nonconsenting
interest owner of unleased fractional min-
eral interests in fourteen oil and gas wells
located in Uintah and Duchesne Counties,
Utah. As owner, Bennion is entitled to a
proportionate share of oil, gas, and natural
gas liquids after the wells have reached
pay-out status. Defendant Pennzoil has
operated those wells since 1985.

Defendant Proven Properties had an asset sales agreement with Chevron Oil under which Chevron agreed to sell to Proven Properties rights incident to the leases and wells, whether operated or not, but excluded accounts receivable for all periods before December 1, 1985.

Bennion sued Pennzoil and Proven Properties, claiming that Pennzoil had offset drilling costs against Bennion for the excluded period and even for costs it did not incur; had concealed the existence and effect of the Chevron contract from Bennion during the many instances Bennion inquired about the propriety of the costs; and when Bennion learned of the contract and confronted Pennzoil, had refused to render an accounting.

Bennion's complaint consisted of claims for wrongful appropriation and conversion of oil and gas royalties, breach of fiduciary duty, accounting by Pennzoil, fraud, and negligent misrepresentation. The trial court granted defendants' motion for partial summary judgment and dismissed the claims of fraud and negligent misrepresentation. That judgment was certified as final under rule 54(b) and constitutes the present appeal.

Following this court's recent decision in *Kennecott Corp. v. Utah State Tax Commission,* 814 P.2d 1099 (Utah 1991), and the evolving standard of finality first articulated there, the court requested that the parties brief and argue the jurisdictional issue presented by the certification.

Bennion took the position that the facts of the certified portion of the judgment differed from those remaining in the trial court. The fraud and negligent misrepresentation claims focused on defendants' sales agreement with Chevron. Defendants' misconduct under that agreement was substantially different from the misconduct reflected in the causes remaining before the trial court.

Defendants countered that the operative facts in the appealed portion were the same as those remaining in the trial court, because all allegations rely on plaintiff's claim that Pennzoil failed to render a proper accounting on Bennion's entitlement to production proceeds. If the trial court were to rule that Bennion had been paid his full share of the production proceeds, the claims of fraud and negligent misrepresentation would be barred by res judicata and considered moot, thus satisfying the standard of factual overlap set by *Kennecott.* According to defendants, the Chevron contract was but a minor variation on the operative facts underlying all claims.

We agree with defendants and dismiss the appeal for lack of jurisdiction.

◼ In *Kennecott,* this court revisited the requirements for proper certification under rule 54(b) as they were first addressed in *Pate v. Marathon Steel Co.,* 692 P.2d 765 (Utah 1984), and *Little v. Mitchell,* 604 P.2d 918 (Utah 1979). In *Kennecott,* we examined in depth the question of what constitutes a "separate claim." 814 P.2d at 1103. We concluded that certification was generally precluded where there was significant "factual overlap" between the operative facts of the certified and unlitigated claims and where the outcome of the appeal of the certified claims theoretically would have a res judicata effect on the unlitigated claims remaining before the trial court. *Id.* at 1104. We also cautioned that the operation of that standard would have to be fleshed out over time. *Id.* Today we hold that a claim is not separate if a decision on claims remaining below would moot the issues on appeal.

Also today, we take another step toward building workable guidelines to be used by the trial courts of this state as they judge whether a claim is separate and whether their decision to certify the claim would pass muster in our appellate courts. A problem that confronts us is the occasional suggestion that trial courts enter rule 54(b) certification orders as a matter of course without seriously addressing the criteria set forth in the rule. A somewhat separate difficulty is our inability to understand the trial court's reasons for certification. To help address these problems, we look to rule 52(a) of the Utah Rules of Civil Procedure and its language calling for an explanation of the certification order.

Rule 52(a) requires that the trial court "find the facts specially" in all actions tried by the court and in interlocutory orders. In order to facilitate this court's review of judgments certified as final under rule 54(b), trial courts should henceforth enter findings supporting the conclusion that such orders are final. The findings should explain the lack of factual overlap between the certified and remaining claims and thus satisfy the *Kennecott* criterion for certification to be proper.

Additionally, we note that rule 54(b) states in relevant part that the trial court "may direct the entry of a final judgment ... only upon an express determination by the court that there is no just reason for delay." Although certifications seen in this court universally include an incantation of those words, this court has yet to see a single instance where a trial court has advanced a rationale as to why there was no just reason for delay. Because this determination by the trial court is subject to judicial review under an abuse of discretion standard, a brief explanation should accompany all future certifications so that this court may render an informed decision on that question.

Returning to the case at issue, we hold that defendants' failure or refusal to render an accounting of Bennion's entitlement to production proceeds underlies Bennion's claims for wrongful appropriation and conversion, breach of fiduciary duty, and accounting, as well as the claims of fraud and negligent misrepresentation. In other words, the factual overlap in this case is complete, with minor variations, and the claims do not constitute separate claims for rule 54(b) purposes. The order was therefore improperly certified, and this court lacks jurisdiction to entertain the appeal.

Dismissed.