2015 UT App 99

## THE UTAH COURT OF APPEALS

MORNINGSIDE DEVELOPERS, LLC,
Plaintiff,

*v.*

COPPER HILLS CUSTOM HOMES, LLC,
Defendant, Third-party Plaintiff, and Appellant,

*v.*

WELLS FARGO BANK, NA; BANK OF AMERICA, NA; AND MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
Third-party Defendants and Appellees.

Memorandum Decision
No. 20130658-CA
Filed April 23, 2015

Third District Court, Salt Lake Department
The Honorable Keith A. Kelly
No. 070914123

Nate D. Ashcraft, Attorney for Appellant

Timothy Curtis, Attorney for Appellees Bank of
America, NA and Mortgage Electronic Registration
Systems, Inc.

Laura S. Scott and Nicole G. Farrell, Attorneys for
Appellee Wells Fargo Bank, NA

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and JOHN A. PEARCE concurred.

DAVIS, Judge:

¶1     Copper Hills Custom Homes, LLC (Copper Hills) appeals
the district court's reinstatement of an order of dismissal for
failure to prosecute. We vacate in part and affirm in part.

¶2     Copper Hills provided construction contracting services
to Morningside Developers, LLC (Morningside) on eight

separate parcels of real property in 2006. After Morningside failed to pay Copper Hills for its work, Copper Hills recorded mechanics' liens against each of the parcels and ultimately filed eight separate lien foreclosure actions. In October 2007, Morningside filed suit against Copper Hills for breach of contract, fraud, and related claims. In October 2009, Morningside's claims and Copper Hills' foreclosure claims were consolidated into a single action. Soon after, Copper Hills' attorney withdrew.

¶3     Neither party took any further action in the case, and on October 14, 2010, the district court issued an order to show cause why the case should not be dismissed (the first OSC). *See generally* Utah R. Jud. Admin. 4-103(2) ("If a certificate of readiness for trial has not been served and filed within 330 days of the first answer, the clerk shall mail written notification to the parties stating that absent a showing of good cause by a date specified in the notification, the court shall dismiss the case without prejudice for lack of prosecution."). New counsel for Copper Hills appeared at the hearing on the first OSC and indicated that Copper Hills was still interested in pursuing the case and that he intended to file a motion to amend Copper Hills' foreclosure complaints to consolidate them into a single complaint. The district court agreed to strike the first OSC provided that Copper Hills file the motion within thirty days. Copper Hills filed the motion within thirty days but never actually amended the complaint or took any further action to pursue its claims. According to Copper Hills, "extreme financial difficulties" stemming from the recession left it "without the resources required to aggressively pursue its claims." The district court never ruled on the motion to amend.

¶4     On November 18, 2011, the district court issued another order to show cause (the second OSC). This time, neither party appeared at the hearing, and on January 26, 2012, the district court dismissed the case without prejudice (the January 2012 Dismissal). In June 2012, Copper Hills moved the court to set aside the order of dismissal on the ground that notice of the

second OSC was mailed to Copper Hills' former counsel and Copper Hills was therefore unaware of it. On September 25, 2012, the district court issued an order granting the motion (the Set Aside Order) but expressed concern "about the overall neglect of all of the parties in moving this case forward" and warned that it would dismiss the case "if no party has submitted a Rule 16(b) certification of readiness for trial within 90 days."

¶5     After the district court set aside the dismissal, Copper Hills filed an amended complaint adding twenty-five additional parties, including Appellees, who had interests in the parcels on which Copper Hills had filed mechanics' liens. Copper Hills then filed a certificate of readiness for trial on December 21, 2012. The district court held a scheduling conference on February 15, 2013, at which it expressed concern about Copper Hills adding so many parties late in the litigation. In light of its concern, the district court issued a new order to show cause (the third OSC) ordering the parties to address whether the Set Aside Order should be vacated and the January 2012 Dismissal reinstated. Following a hearing, the district court issued an order in which it vacated the Set Aside Order and dismissed the case with prejudice (the Final Dismissal). Copper Hills appeals.

¶6     Copper Hills asserts that the district court abused its discretion by dismissing the case with prejudice. "In reviewing a trial court's decision to dismiss for failure to prosecute, we accord the trial court broad discretion and do not disturb its decision absent an abuse of discretion and a likelihood that an injustice has occurred." *Hartford Leasing Corp. v. State*, 888 P.2d 694, 697 (Utah Ct. App. 1994).

¶7     As a threshold matter, we must determine whether the Final Dismissal constituted a new order of dismissal pursuant to rule 41(b) of the Utah Rules of Civil Procedure or a reinstatement of the January 2012 Dismissal, which was entered pursuant to

rule 4-103 of the Utah Rules of Judicial Administration.[1] Rule 4-103 permits the district court to issue an order to show cause sua sponte regarding failure to prosecute "[i]f a certificate of readiness for trial has not been served and filed within 330 days of the first answer." Utah R. Jud. Admin. 4-103(2). Dismissal pursuant to this rule is without prejudice. *Id.*; *see also Panos v. Smith's Food & Drug Ctrs., Inc.*, 913 P.2d 363, 364–65 (Utah Ct. App. 1996). Under rule 41(b), on the other hand, "a trial court has the discretion to dismiss an action with prejudice for failure to prosecute without justifiable excuse." *Rohan v. Boseman*, 2002 UT App 109, ¶ 28, 46 P.3d 753; *see also* Utah R. Civ. P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."). Thus, dismissal with prejudice would be appropriate only if the Final Dismissal were a new order issued under rule 41(b).[2]

¶8　　We conclude that the Final Dismissal was a reinstatement of the January 2012 Dismissal rather than a new order of dismissal pursuant to rule 41(b). In support of their argument that the Final Dismissal was based on rule 41(b), Appellees point out that in responding to the third OSC, they addressed the *Westinghouse* factors relevant to a rule 41(b) analysis and asserted that the case should be dismissed under rule 41(b). *See*

---

1. Because the district court made no findings in connection with the January 2012 dismissal, the parties do not dispute that it was a rule 4-103 dismissal rather than a rule 41(b) dismissal. *See* Utah R. Civ. P. 52(a) (requiring the district court to enter findings of fact in support of a dismissal under rule 41(b)).

2. While it may seem that we are approaching this appeal backward by considering whether the dismissal should have been with or without prejudice before examining whether the dismissal was itself appropriate, we cannot examine the propriety of the dismissal until we have determined which rule of procedure controls.

*Westinghouse Elec. Supply Co. v. Paul W. Larsen Contractor, Inc.*, 544 P.2d 876, 879 (Utah 1975). Appellees assert that their invocation of rule 41(b) in their response, combined with the district court's detailed findings regarding Copper Hills' failure to move the case along, indicates that the Final Dismissal was intended to be a rule 41(b) dismissal.

¶9    Admittedly, the district court's analysis of factors that would be relevant to a rule 41(b) analysis and its decision to dismiss with prejudice lend some credence to Appellees' argument. However, the third OSC specifically directed the parties to address whether the Set Aside Order should be vacated and the January 2012 Dismissal reinstated, not whether the district court should enter a new order of dismissal pursuant to rule 41(b). Furthermore, the district court never characterized its Final Dismissal as a dismissal under rule 41(b), and the Final Dismissal never explicitly mentioned rule 41(b) or the *Westinghouse* factors. Rather, the district court determined, consistent with its framing of the issue in the third OSC, that the Set Aside Order "should be vacated and the [January 2012 Dismissal] should be reinstated." Although the district court made findings that could have supported a dismissal for failure to prosecute under rule 41(b), and those findings were supported by sufficient evidence, its analysis ultimately focused on whether the Set Aside Order should be vacated. The court's intent to reinstate the January 2012 Dismissal is apparent not only in its ultimate order vacating the Set Aside Order but in its analysis, where it concluded that Copper Hills' motion to set aside should never have been granted in the first place because it was not timely and that dismissal should be reinstated because Copper Hills failed to comply with the court's condition that it be ready for trial within ninety days. Because it reinstated the January 2012 Dismissal, which was entered pursuant to rule 4-103, rather than entering a new order of dismissal pursuant to rule 41(b), the district court had no basis for dismissing the case with prejudice. Further, the reinstatement of the January 2012 Dismissal presumably reinstated the entire order, which explicitly provided that the dismissal was to be without

prejudice. Thus, assuming that the district court's reinstatement of the January 2012 Dismissal was appropriate, the dismissal should have been without prejudice.

¶10    Having determined that the Final Dismissal reinstated the January 2012 Dismissal, we next turn to the question of whether the district court abused its discretion in vacating the Set Aside Order and reinstating the January 2012 Dismissal. Because Copper Hills did not receive notice of the second OSC, the district court gave it an opportunity to avoid dismissal by getting the case ready for trial in a timely manner. However, the Set Aside Order was a conditional order, which the district court warned it would revoke "if no party has submitted a Rule 16(b) certification of readiness for trial within 90 days of the date of this order." Although Copper Hills arguably complied with this condition by submitting the certificate of readiness on December 21, 2012, the district court found,

> [T]he Certificate was incorrect because the Consolidated Case is not ready for trial. To the contrary, at the time the Certificate of Readiness was filed, the recently served defendants were in the process of filing answers to the First Amended Complaint. No initial disclosures have been exchanged[,] . . . no depositions have been taken and no written discovery has been served.

Because Copper Hills failed to comply with the condition outlined in the Set Aside Order, the district court did not abuse its discretion by reinstating the January 2012 Dismissal.[3]

---

3. We acknowledge that vacating the Set Aside Order and reinstating the January 2012 Dismissal may have been a more confusing approach than simply entering a new order of dismissal pursuant to either rule 4-103 or rule 41(b). However,

(continued…)

¶11    Furthermore, any injustice to Copper Hills that may have occurred as a result of the district court's failure to provide notice of the second OSC was cured by the third OSC hearing, at which Copper Hills was given a full opportunity to make "a showing of good cause" why the case should not be dismissed. *See* Utah R. Jud. Admin. 4-103(2). The district court made extensive findings regarding whether Copper Hills' dilatory behavior was justified, ultimately finding that both Copper Hills and Morningside had "adopted a conscious strategy to do as little as possible and drag out the [case]" and that even Copper Hills' financial limitations did not provide a sufficient excuse for the extensive delay in the case. The district court did not abuse its discretion in so finding, particularly in light of the fact that Copper Hills had also failed to promptly ready the case for trial as directed in the Set Aside Order.

¶12    In sum, we conclude that the Final Dismissal must be regarded as a reinstatement of the January 2012 Dismissal, which was entered pursuant to rule 4-103, and that the district court did not abuse its discretion in reinstating that order, so characterized. Accordingly, we vacate the district court's Final Dismissal insofar as it dismisses the case with prejudice, and we affirm the district court's reinstatement of the January 2012 order dismissing the case without prejudice.

———————

(…continued)
given the conditional nature of the Set Aside Order, the district court's action was not an abuse of its discretion.