*This opinion is subject to revision before final publication in the Pacific Reporter*

**2018 UT 42**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

COPPER HILLS CUSTOM HOMES, LLC,
*Appellant,*

*v.*

COUNTRYWIDE BANK, FSB,[1]
*Appellees.*

No. 20160803
Filed August 16, 2018

On Direct Appeal

Third District, Salt Lake
The Honorable Matthew Bates
No. 150907425

Attorneys:

Troy L. Booher, Beth E. Kennedy, Alexandra Mareschal, Salt Lake City;
Nate D. Ashcraft, Lehi, for appellant

Chandler P. Thompson, Alan M. Hurst, Salt Lake City, for appellees
Countrywide Bank, FSB and Mortgage Electronic Registration Systems,
Inc.

Bradley L. Tilt, Sara E. Bouley, Salt Lake City, for appellees Diane
Griffin, Eldon E. Griffin, Marcus Griffin, Stearns Lending, Inc., and
Utah Community Federal Credit Union,

---

[1] DIANE GRIFFIN, ELDON E. GRIFFIN, MARCUS GRIFFIN, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., PRIMELENDING, STEARNS LENDING, INC., JASON P. TURNER, and UTAH COMMUNITY FEDERAL CREDIT UNION are also parties to this appeal.

Brett N. Anderson, Salt Lake City, for appellees Primelending and
Jason P. Turner

---

JUSTICE HIMONAS authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE PETERSEN, and JUDGE HARRIS joined.

Having recused himself, JUSTICE PEARCE does not participate herein;
COURT OF APPEALS JUDGE RYAN M. HARRIS sat.

---

JUSTICE HIMONAS, opinion of the Court:

¶ 1 Acting pursuant to rule 54(b) of the Utah Rules of Civil Procedure, the district court sought to certify as final and appealable several orders related to the disposition of mechanic's liens. The plaintiff, Copper Hills Custom Homes, then appealed those orders to this court. But we may not act on an appeal, including an appeal of a putative final order under rule 54(b), unless we are satisfied that we have appellate jurisdiction. And our review of the 54(b) certifications here reveals them to be flawed. This circumstance is by no means unique to this appeal—improper 54(b) certifications have proven to be a recurring source of jurisdictional complications.[2] Therefore, we dismiss the appeal for lack of appellate jurisdiction, but take the time to readdress and refine the steps that the parties and district courts must take to ensure proper certification under rule 54(b) in order to avoid unnecessary remands.

¶ 2 We are not oblivious to the fact that our decision today will leave the parties feeling that form has triumphed over substance. In a sense, they would not be wrong. But "we cannot fabricate the power to

---

[2] Our decision in *Palmer v. First National Bank of Layton*, 2018 UT 43, ---P.3d---, also issued today, serves as a prime example. There, the judgment certified as final does not meet the jurisdictional requirement of rule 54(b) to "*expressly* determine[] that there [was] no just reason for delay," UTAH R. CIV. P. 54(b) (emphasis added), nor does it offer the necessary findings of facts and conclusions of law required by our decision in *Bennion v. Pennzoil Co.*, 826 P.2d 137, 138–39 (Utah 1992) (per curiam) and Utah Rule of Civil Procedure 52(a). *Palmer*, 2018 UT 43, ¶ 13; *see infra* ¶ 27.

hear a case simply because it seems more palatable than acknowledging that we lack jurisdiction." *DFI Props. LLC v. GR 2 Enters. LLC*, 2010 UT 61, ¶ 23, 242 P.3d 781. And "[t]he lost time and effort occasioned by the briefing and oral argument in [such a] case is a small price to pay for insisting that the parties comply with the rules of procedure so that the proper relationship between" appellate courts and the district courts "may be maintained." *Id.* (first alteration in original) (citation omitted). It is therefore "incumbent upon us when we find that we lack jurisdiction to hear a case," as is the situation here, to dismiss the appeal. *Id.*

I

¶ 3   The germane facts are scant and not in dispute. "Copper Hills provided construction contracting services to Morningside Developers . . . on eight separate parcels of real property in 2006." *Morningside Developers, LLC v. Copper Hills Custom Homes, LLC*, 2015 UT App 99, ¶ 2, 348 P.3d 726. Claiming that "Morningside failed to pay [it] for its work, Copper Hills recorded mechanic[']s liens against each of the parcels and ultimately filed eight separate lien foreclosure actions." *Id.* In response, Morningside sued "Copper Hills for breach of contract, fraud, and related claims." *Id.* The district court consolidated Morningside's claims and Copper Hills's foreclosure actions in October 2009. *Id.*

¶ 4   After two years of inaction and an intervening "order to show cause why the case should not be dismissed[,] . . . the district court dismissed the case without prejudice." *Id.* ¶¶ 3–4. Copper Hills moved to set aside that dismissal. The district court granted the motion. *Id.* ¶ 4.

¶ 5   After the dismissal had been set aside, "Copper Hills filed an amended complaint adding twenty-five additional parties." *Id.* ¶ 5. This prompted the district court to issue "a new order to show cause . . . ordering the parties to address whether" its prior decision to set aside the order of dismissal should be vacated. *Id.* And, "[f]ollowing a hearing, the district court issued an order in which it vacated the [order to set aside] and dismissed the case with prejudice." *Id.*

¶ 6  On appeal, the court of appeals vacated the district court's decision "insofar as it dismisse[d] the case with prejudice." *Id.* ¶ 12. Then it reinstated the district court's order dismissing the case without prejudice. *Id.*

¶ 7  One day shy of 180 days from when the court of appeals issued its decision, but more than eight years from when the liens were

initially recorded, Copper Hills filed the action that now comes before us. Shortly thereafter, appellees Countrywide Bank and Mortgage Electronic Registration Systems (MERS) moved to dismiss the claims against them, arguing that "Copper Hills . . . violated the 180-day limitation" in Utah Code section 38-1-11(2) (2007).[3] Other appellees followed suit.

¶ 8   Based on appellees' argument, the district court concluded that several of Copper Hills's liens were "time-barred, void, and unenforceable." And, as a result, it issued the five orders presently before us.[4]

¶ 9   The district court sought to certify each of these orders as final and appealable under rule 54(b). To this end, it sought to grant 54(b) certification to the first three items by an order dated September 27, 2016. And it sought to grant 54(b) certification as to the fourth and fifth orders with language in the orders themselves. As we explain below, each of these certifications was ineffectual.

II

---

[3] Below, the district court and the "parties appropriately relied on the version of the mechanic[']s lien statute . . . in effect," *Uhrhahn Constr. & Design, Inc. v. Hopkins*, 2008 UT App 41, ¶ 6 n.5, 179 P.3d 808, when Copper Hills recorded the relevant lien notices. "[W]e do the same." *Id.* And at the time of recordation, Utah Code section 38-1-11(2) (2007) provided that "[a] lien claimant shall file an action to enforce the lien filed under this chapter within 180 days from the day on which the lien claimant filed a notice of claim under Section 38-1-7."

[4] The five relevant orders are: (1) order granting motions to dismiss and declaring mechanic's liens void, dated July 13, 2016; (2) order and judgment awarding attorney fees and costs to defendants Utah Community Federal Credit Union, Stearns Lending, Inc., Marcus Griffin, Diane Griffin, and Eldon Griffin, dated July 13, 2016; (3) order and judgment awarding attorney fees and costs to defendants Countrywide Bank, FSB and Mortgage Electronic Registration Systems, Inc., dated August 1, 2016; (4) stipulation for entry of judgment based on law of the case and order dismissing case as to certain defendants, dated August 30, 2016; and (5) judgment based on the law of the case and order dismissing case as to lot 10 in Dearborne Heights PUD Phase 1, dated October 5, 2016.

¶ 10 As a general rule, an appellate court does not have jurisdiction to consider an appeal unless the appeal is taken from a final order or judgment that "end[s] the controversy between the litigants." *Anderson v. Wilshire Invs., L.L.C.*, 2005 UT 59, ¶ 9, 123 P.3d 393 (citation omitted); *see also Kennecott Corp. v. Utah State Tax Comm'n*, 814 P.2d 1099, 1101 (Utah 1991) ("The historical rule is that except in a narrow category of situations, no order of a trial court is appealable until a final judgment is entered on all issues." (citation omitted)); *Williams v. State*, 716 P.2d 806, 807 (Utah 1986) ("Under traditional principles of appellate review, . . . an appeal may be taken only from a final judgment concluding all of the issues in the case." (citation omitted)). This tenet is often referred to as "the final judgment rule."

¶ 11 The obvious and "principal rationale for limiting the right to appeal in this way is to 'promote [ ] judicial economy by preventing piecemeal appeals in the same litigation to this Court.'" *Anderson*, 2005 UT 59, ¶ 9 (alteration in original) (citation omitted). We are also concerned that multiple rulings in the same litigation on "narrow issues taken out of . . . context" may needlessly increase the risk of inconsistent or erroneous decisions. *Kennecott*, 814 P.2d at 1101. Moreover, "[s]trict adherence to the final judgment rule . . . maintains the proper relationship between this Court and the [district] courts." *Powell v. Cannon*, 2008 UT 19, ¶ 12, 179 P.3d 799 (citation omitted) (internal quotation marks omitted).

¶ 12 "This court has consistently upheld the final judgment rule." *Bradbury v. Valencia*, 2000 UT 50, ¶ 10, 5 P.3d 649 (citations omitted). But, as with nearly every general rule, there are exceptions. *See Wash. Townhomes, LLC v. Wash. Cty. Water Conservancy Dist.*, 2016 UT 43, ¶ 6, 388 P.3d 753. The final judgment rule has three.

¶ 13 The first exception to the final judgment rule "is when the legislature provides a statutory avenue for appealing nonfinal orders." *Powell*, 2008 UT 19, ¶ 13 (citation omitted). For example, Utah Code section 78B-11-129(1)(a)–(e) allows for appeals from several specific types of court orders in addition to "a final judgment." UTAH CODE § 78B-11-129(1).

¶ 14 The second exception is an interlocutory appeal. Our rules of appellate procedure prescribe when an interlocutory appeal may be requested:

> An appeal from an interlocutory order may be sought by
> any party by filing a petition for permission to appeal
> from the interlocutory order with the clerk of the

appellate court with jurisdiction over the case within 20 days after the entry of the order of the trial court, with proof of service on all other parties to the action.

Utah R. App. P. 5(a). An interlocutory appeal is a discretionary appeal of a non-final order, meaning that the appellate court has the discretion to hear the appeal as it is not an appeal as a matter of right. *See Williams*, 716 P.2d at 807 (noting the existence of an exception for "any interlocutory order or decision, but only at this Court's discretion").

¶ 15 The third exception, and the one with which we concern ourselves in this opinion, is an appeal brought under rule 54(b) of the Utah Rules of Civil Procedure. It provides:

> When an action presents more than one claim for relief— whether as a claim, counterclaim, cross claim, or third party claim—and/or when multiple parties are involved, the court may enter judgment as to one or more but fewer than all of the claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties, and may be changed at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Utah R. Civ. P. 54(b); *see also Williams*, 716 P.2d at 807 (noting another exception to the general rule is "set forth in [r]ule 54(b) of the Utah Rules of Civil Procedure"). This exception to the final judgment rule is similar to the interlocutory appeal exception in that it allows an appellate court to weigh in on a matter even though not all of the causes of action for all of the parties have been adjudicated. It differs, primarily, in that (1) an order properly certified under rule 54(b) is considered final and appealable by right and (2) it is the district court and not the appellate court that has the discretion (at least in the first instance) to decide whether an order that does not dispose of the entire action may nevertheless be appealed if it meets certain criteria. This discretion, however, should not be interpreted to mean that appellate courts can consider matters that district courts have improperly certified. They cannot.

¶ 16 "By the terms of [r]ule 54(b), a ruling must meet three requirements in order to be appealable." *Pate v. Marathon Steel Co.*, 692

P.2d 765, 767 (Utah 1984); *see also Butler v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 2014 UT 41, ¶ 25, 337 P.3d 280. The first requirement is that "there must be multiple claims for relief or multiple parties to the action;" the second is that "the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action;" and the third is that the "[district] court, in its discretion, must make a[n express] determination that there is no just reason for delay." *Butler*, 2014 UT 41, ¶ 25 (emphasis omitted) (citation omitted).

¶ 17 In applying these requirements, we have steadfastly adhered to a "narrow approach to 54(b) certifications" and advised our district courts to do the same. *Kennecott*, 814 P.2d at 1104. Two of our decisions merit particular attention: *Kennecott*, 814 P.2d 1099, and *Bennion v. Pennzoil Co.*, 826 P.2d 137 (Utah 1992) (per curiam).

¶ 18 In *Kennecott*, we carefully reviewed the merits of two competing "approaches to determining when a claim is separate and an order disposing of it is eligible for treatment as a 'final' judgment and certification under rule 54(b)." 814 P.2d at 1102. The first approach, "exemplified by the Seventh Circuit," confined 54(b) certification to claims based on different legal theories and different operative facts. *Id.* at 1103. The second, "exemplified by the approach of the Second Circuit," took a more "liberal" view and allowed for certification "when the facts give rise to more than one legal right or cause of action." *Id.* (citation omitted).

¶ 19 Upon completing our review, we decidedly eschewed the "broad reading" afforded rule 54(b) by the Second Circuit, declaring it to be "inapposite when construing the Utah rule." *Id.* at 1104. In reaching this conclusion we noted that "54(b) certification has relatively little consequence for" district courts. *Id.* As a result, "[o]ur experience suggest[ed] that district courts rather freely grant[ed] certifications, often without examining closely the certifiability of the underlying order." *Id.* (citation omitted).

¶ 20 In *Bennion* we took "another step toward building workable guidelines to be used by the [district] courts of this state as they judge whether a claim is separate and whether their decision to certify the claim would pass muster in our appellate courts." 826 P.2d at 138. We did so because of the problem we often encountered in being unable to clearly "understand the . . . reasons for certification." *Id.*

¶ 21 To help address this problem, we reemphasized the importance of complying with Utah Rule of Civil Procedure 52(a),

requiring district courts to "enter findings supporting the conclusion that [the certified] orders are final." *Id.* at 139. These findings, we explained, should detail "the lack of factual overlap between the certified and remaining claims and thus satisfy the *Kennecott* criterion" for being final. *Id.* In addition to reflecting "an express determination by the [district] court that there is no just reason for delay," these findings should also "advance[] a rationale as to why" such is the case. *Id.* (citation omitted).[5]

¶ 22 And, while we are by no means tethered to the interpretation afforded by the Tenth Circuit to the federal variant of rule 54(b), we also do not exist in a vacuum. We appreciate that there is often value in having the appellate courts of a particular locale speak consistently when it comes to the interpretation of substantively identical procedural rules, like 54(b). *See Kennecott*, 814 P.2d at 1102; *cf. Pate*, 692 P.2d at 767 ("Utah's Rule 54(b) is modeled after and is identical in all material respects to the corresponding federal rule.") Such is the case here. The Tenth Circuit has also taken care to note "that courts entering a Rule 54(b) certification should 'clearly articulate their reasons and make careful statements based on the record supporting their determination of "finality" and "no just reason for delay" so that [the 10th Circuit] [can] review a 54(b) order more intelligently[] and thus avoid jurisdictional remands.'" *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (second and third alterations in original) (citation omitted). We are in complete agreement with the Tenth Circuit's view in this regard, as well as with its view that, "[a]bsent a clear articulation of the district court's reasons for granting certification, we have no basis for conducting a meaningful review of the district court's" decision. *Id.* at 1266.[6]

---

[5] Since we find that deficient 52(a) findings hinder our ability to review 54(b) final judgments, we refer this problem to our civil rules committee to consider whether to add language to rule 54(b) requiring something more than just a bare, express determination that there is "no just reason for delay."

[6] We also echo the Tenth Circuit's standards of review "[f]or [r]ule 54(b) certifications." *New Mexico v. Trujillo*, 813 F.3d 1308, 1317 (10th Cir. 2016). "We review de novo the district court's determination of finality as a question of law." *Id.*; *see also Butler*, 2014 UT 41, ¶ 15 ("Whether appellate jurisdiction exists is a question of law, which we

III

¶ 23 When we apply these principles to this case, we conclude that the 54(b) certification orders at issue are deficient. There are four distinct reasons.[7]

¶ 24 First, the stipulation for entry of judgment and order dismissing the case, dated August 30, 2016, does not meet the second *Kennecott* requirement that this order is not one that would "have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action." *Kennecott Corp. v. Utah State Tax Comm'n*, 814 P.2d 1099, 1101 (Utah 1991) (citation omitted). The question of the amount of the award of attorney fees remained unanswered at the time of certification. Prior to November 1, 2016, the effective date of the 2016 amendments to rule 58A of the Utah Rules of Civil Procedure,[8] an order that left open the amount of attorney fees was not a final appealable order. *See ProMax Dev. Corp. v. Raile*, 2000 UT 4, ¶ 15, 998 P.2d 254 ("We therefore hold that, in the interest of judicial economy, a trial court must determine the amount of attorney fees awardable to a party before the judgment becomes final for the purposes of an appeal under Utah Rule of Appellate Procedure 3.").

---

review for correctness." (citation omitted)). And "[w]e review the determination of no just reason for delay for abuse of discretion." *Trujillo*, 813 F.3d at 1317; *Bennion*, 826 P.2d at 139 (noting a district court's determination that "there was no just reason for delay" is "review[ed] under an abuse of discretion standard").

[7] We acknowledge that the certifications at issue here satisfy the first requirement of the rule 54(b) test: the existence of "multiple claims for relief or multiple parties to the action." *Butler v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 2014 UT 41, ¶ 25, 337 P.3d 280 (citation omitted).

[8] After the 2016 amendments, paragraph (f) of rule 58A reads "[a] motion or claim for attorney fees does not affect the finality of a judgment for any purpose." It then goes on to provide that "under Rule of Appellate Procedure 4, the time in which to file the notice of appeal runs from the disposition of the motion or claim." UTAH R. CIV. P. 58A(f). We have some concern that these two clauses are somewhat internally inconsistent. And we invite our advisory committee on the rules of civil procedure to consider a rule in line with the federal variant. *See* FED. R. CIV. P. 58(e).

¶ 25  Paragraph 5 of the August 30 order awards defendants Jason Turner, Primelending, and MERS "an award of reasonable attorney[] fees and costs incurred . . . on the mechanic[']s liens issues," but leaves open the amount of those fees. Because the *ProMax Development* rule applies to this appeal,[9] we hold that the district court erred as a matter of law in certifying the August 30 order as final and, therefore, dismiss that portion of the appeal for want of appellate jurisdiction.[10]

¶ 26 Second, the September 27 order does not meet the third requirement for 54(b) certification: an *express* determination "that there is no just reason for delay."[11] *Butler v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 2014 UT 41, ¶ 25, 337 P.3d 280 (citation omitted). This defect deprives us of appellate jurisdiction over the first three items set forth in the operative notice of appeal.[12]

---

[9] The operative notice of appeal in this matter was filed on October 27, 2016, five days prior to when the 2016 amendments to rule 58A took effect. As a result, the *ProMax Development* rule pertains. *See State v. Clark*, 2011 UT 23, ¶ 13, 251 P.3d 829 ("[W]e apply the law as it exists at the time of the event regulated by the law in question.").

[10] We own that our decisions vary in the jurisdictional terms they employ to describe the issue of whether an order is final. *See A.S. v. R.S.*, 2017 UT 77, ¶ 35 n.12, 416 P.3d 465. Some of our cases describe the issue as one of *appellate jurisdiction*. *See, e.g.*, *Butler*, 2014 UT 41, ¶ 15. Others describe it as a matter of *subject matter jurisdiction*. *See, e.g.*, *DFI Props. LLC v. GR 2 Enters. LLC*, 2010 UT 61, ¶ 2, 242 P.3d 781. We disavow the language that deems this issue one of subject matter jurisdiction. If we have the discretion to hear a case under Utah Rule of Appellate Procedure 5(a) in certain instances, then we clearly have subject matter jurisdiction. The question is whether appellate jurisdiction exists.

[11] The same is true of the September 20, 2016 ruling on request for rule 54(b) certification, which preceded the September 27 order.

[12] Again, these three items are (1) order dated July 13, 2016; (2) order and judgment dated July 13, 2016; and (3) order and judgment dated August 1, 2016. *Supra* ¶ 8 n.4.

¶ 27 Third, while the district court did expressly state that "there is no just reason for delay" in certifying the fourth and fifth items,[13] it did not set forth a clear rationale as to why there is no just reason. UTAH R. CIV. P 52(a). While rule 52(a) is not a *technical* bar to our jurisdiction, it functions as a *practical* bar to our appellate jurisdiction. We cannot review an order that does not offer the court enough findings and conclusions to "understand the [district] court's reason[ing]." *Bennion v. Pennzoil Co.*, 826 P.2d 137, 138 (Utah 1992) (per curiam). It also did not actually certify either order as final, and certification under rule 54(b) presumes the order was certified as final. *Bennion*, 826 P.2d at 139 ("In order to facilitate this court's review of judgments certified as final under rule 54(b), [district] courts should henceforth enter findings supporting the conclusion that such orders are final."). The failure to set forth a rationale deprives us of the ability to meaningfully assess whether the district court abused its discretion in determining that there is no just reason for delay. *See Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) ("[C]ourts entering a Rule 54(b) certification should 'clearly articulate their reasons and make careful statements based on the record supporting their determination of "finality" and "no just reason for delay" so that we [can] review a 54(b) order more intelligently[] and thus avoid jurisdictional remands.'" (second and third alterations in original) (citation omitted)). And the failure to certify the orders as final independently deprives us of appellate jurisdiction over the fourth and fifth items.

¶ 28 Fourth, neither the 54(b) certifications nor the underlying orders contain the kind of careful explanation of the lack of factual overlap between the certified and remaining claims that we require to fairly evaluate the district court's certification decisions. By way of example only, there is no discussion of what claims remain, other than attorney fees, and whether none, some, or all of those claims are based on different legal theories or operative facts. While this alone would not create a jurisdictional bar, it is self-evident that we cannot review the district court's analysis in this regard if analysis is not provided.

IV

¶ 29 Nothing in this opinion should be interpreted as holding that the parties cannot obtain proper rule 54(b) certification of the relevant

---

[13] The fourth item is the August 30 order; the fifth is dated October 5, 2016. *Supra* ¶ 8 n.4.

orders. Perhaps it shall come to pass. But, for the reasons we have identified, the 54(b) certifications currently before us do not lay a sufficient foundation for the exercise of our appellate jurisdiction.[14] Therefore, we dismiss the appeal in its entirety.

---

[14] Rule 5(a) of the Utah Rules of Appellate Procedure, allows us, in our discretion, to treat certain improper 54(b) certifications as interlocutory appeals. We decline to exercise that discretion here for three reasons. First, we see no basis in the materials before us to conclude that this "appeal may materially advance the termination of the litigation," an integral showing in any interlocutory appeal. UTAH R. APP. P. 5(c)(1)(D). Second, the parties have the ability to ask the district court to re-certify the relevant orders. And third, we believe this is an allowance that we should wield judiciously and sparingly.