POHLMAN, Judge (dissenting):
 

 ¶27 I respectfully dissent from this decision because I regrettably conclude that we lack jurisdiction to consider this appeal.
 

 ¶28 As the majority correctly notes, the rule 54(b) certification entered in this case is flawed and thus does not properly invoke our jurisdiction. And while I agree that we have discretion to treat certain rule 54(b) certifications as petitions for interlocutory appeal, Utah R. App. P. 5(a), I do not agree that this case warrants this particular treatment. Converting a rule 54(b) certification into an interlocutory appeal "is an allowance that we should wield judiciously and sparingly," and I think the better course of action would be to remand the case to the district court where the parties would have the opportunity to seek a compliant certification of the relevant orders.
 
 See
 

 Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB
 
 ,
 
 2018 UT 56
 
 , ¶ 29 n.15,
 
 428 P.3d 1133
 
 .