2020 UT App 16

# THE UTAH COURT OF APPEALS

NOUR AL-SALEH,
Appellee,
*v.*
ASAAD AL-SALEH,
Appellant.

Per Curiam Opinion
No. 20191013-CA
Filed January 30, 2020

Third District Court, Salt Lake Department
The Honorable Patrick Corum
No. 154905136

Cassandra Elyse Gallegos and Gregory B. Wall,
Attorneys for Appellant

Kendall Peterson, Attorney for Appellee

Before JUDGES DAVID N. MORTENSEN, JILL M. POHLMAN, and
DIANA HAGEN.

PER CURIAM:

¶1　Asaad Al-Saleh (Husband) seeks to appeal the district court's order denying his request to modify his child support obligations. The district court issued an order certifying the order as final pursuant to rule 54(b) of the Utah Rules of Civil Procedure. This matter is before the court on its own motion for summary disposition based upon lack of jurisdiction due to the absence of a final, appealable order or an order properly certified pursuant to rule 54(b).

¶2　For an order to be properly certified as final under rule 54(b), three requirements must be met. *See Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 16, 428 P.3d 1133. "There must be multiple claims for relief or multiple

parties to the action; . . . the judgment appealed from must have been entered on an order that would be appealable but for the fact that other claims or parties remain in the action; . . . [and the district] court, in its discretion, must make an express determination that there is no just reason for delay." *Id.* (quotation simplified). In regard to the second criterion, i.e., the appealability of the order, the Utah Supreme Court has instructed that district courts must "enter findings supporting the conclusion that the certified orders are final," and "detail the lack of factual overlap between the certified and remaining claims." *Id.* ¶ 21 (quotation simplified). These findings are important in assessing the propriety of the rule 54(b) certification because of the need to determine the potential res judicata effect of an appeal on the issues remaining before the district court. *Kennecott Corp. v. Utah State Tax Comm'n*, 814 P.2d 1099, 1104 (Utah 1991). "Where the facts are sufficiently similar to constitute res judicata on the remaining issues, 54(b) certification is generally precluded." *Id.* at 1104–05.

¶3     Here, the district court's certification order does not comply with the standard set forth by the Utah Supreme Court. Specifically, the order does not include detailed findings concerning the lack of factual overlap between the certified claim and the remaining claims. The order states generally that there is "no overlap in the issue sought to be appealed . . . and the other issues." However, it does not set forth what other claims remain and whether those other claims may involve some of the same facts that were relevant to the order concerning the modification of child support.[1] The Supreme Court specifically stated in

---

1. Rather than make the necessary findings, the district court found that Husband represented that "he does not *at this time* intend to pursue" the issues raised in his pending petition to modify, and that Wife's pending petition appears to have "little likelihood of success." (Emphasis added). While the court's

(continued…)

*Copper Hills Custom Homes* that when there is no discussion of such issues "it is self-evident that we cannot review the district court's analysis in this regard if analysis is not provided." *Id.* ¶ 28. Therefore, the certification order in this case is deficient.

¶4      Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a proper rule 54(b) certification or a final, appealable order.

————————

(…continued)

assessment may be accurate, it must still enter proper findings on the factual overlap between the order on appeal and the pending claims. One of the principal rationales for limiting the right to appeal under Rule 54(b) "is to promote judicial economy by preventing piecemeal appeals in the same litigation." *Copper Hills*, 2018 UT 56, ¶ 11 (quotation simplified). Our supreme court has also expressed concern "that multiple rulings in the same litigation on narrow issues taken out of context may needlessly increase the risk of inconsistent and erroneous decisions." *Id.* (quotation simplified). If there are overlapping claims before the district court that the parties do not intend to pursue or do not have merit, the principles underlying Rule 54(b) generally will be best served if those claims are resolved prior to appeal.