**2024 UT App 110**

### THE UTAH COURT OF APPEALS

COPPER HILLS CUSTOM HOMES, LLC,
Appellant,

*v.*

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL.,[1]
Appellees.

Opinion
No. 20220873-CA
Filed August 8, 2024

Third District Court, Salt Lake Department
The Honorable Patrick Corum
The Honorable Heather Brereton
No. 150907425

Troy L. Booher, Beth E. Kennedy, Erin B. Hull, Nate
D. Ashcraft, and Caroline A. Olsen, Attorneys
for Appellant

Bradley L. Tilt, Alan M. Hurst, Chandler P.
Thompson, Brett N. Anderson, and Robert Scott,
Attorneys for Appellees First Colony Mortgage
Corporation; Intercap Lending Inc.; NewRez, LLC;
United Wholesale Mortgage, LLC; and University
First Federal Credit Union

Alan M. Hurst and Chandler P. Thompson,
Attorneys for Appellee Mortgage Electronic
Registration Systems, Inc.

Brett N. Anderson, Attorney for Appellees
Primelending and Jason P. Turner

---

1. The parties on appeal are not limited to those listed but also include other parties whose names appear on the notice of appeal or who have otherwise entered appearances in this appeal.

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES RYAN M. HARRIS and JOHN D. LUTHY concurred.

———————

ORME, Judge:

¶1     The alleged failure of Morningside Developers, LLC
(Morningside) to pay Copper Hills Custom Homes, LLC
(Copper Hills) for materials and services benefitting real property
has triggered a spate of liens, lawsuits, and appeals
stretching back to 2007. In this most recent appeal, we have
been asked to decide whether the mechanics' lien statute
applicable at the relevant time[2] permitted Copper Hills to
maintain a second enforcement action against the defendants
solely because its first action was filed within 180 days of when its
mechanics' liens were recorded. But Copper Hills' second
enforcement action was filed well past the 180-day statutory
limitations period, and no court has subject matter jurisdiction
over an action filed more than 180 days after a mechanics' lien is
recorded. Thus, we affirm the dismissal of the second
enforcement action for lack of jurisdiction.

———————

2. Copper Hills recorded its mechanics' liens in 2007. Since that
time, the relevant statute has been amended and renumbered, and
the types of liens at issue in this appeal are now denominated
"construction liens"—not "mechanics' liens." *See* Utah Code Ann.
§ 38-1a-701 (LexisNexis 2023); *id.* § 38-1a-102(8), (11). But we retain
the 2007 nomenclature in this opinion because the version of the
Utah Code in effect in 2007 governs this appeal, and all citations
to the relevant provisions of the mechanics' lien statute in this
opinion are to the version in effect in 2007. *Cf. Uhrhahn Constr.
& Design, Inc. v. Hopkins*, 2008 UT App 41, ¶ 6 n.5, 179 P.3d 808
("At trial, the court and parties appropriately relied on the version
of the mechanics' lien statute then in effect, and we do the same.").

BACKGROUND

¶2 The genesis of the parties' dispute was cogently set out by this court in *Morningside Developers, LLC v. Copper Hills Custom Homes, LLC*, 2015 UT App 99, 348 P.3d 726:

> Copper Hills provided construction contracting services to [Morningside] on eight separate parcels of real property in 2006. After Morningside failed to pay Copper Hills for its work, Copper Hills recorded mechanics' liens against each of the parcels and ultimately filed eight separate lien foreclosure actions. In October 2007, Morningside filed suit against Copper Hills for breach of contract, fraud, and related claims. In October 2009, Morningside's claims and Copper Hills' foreclosure claims were consolidated into a single action.

*Id.* ¶ 2. The district court eventually dismissed the consolidated action without prejudice, and that ruling was affirmed by this court. *Id.* ¶ 12. A few months after our decision, Copper Hills filed a new action seeking to enforce the mechanics' liens (the 2015 lawsuit), naming numerous entities and individuals as defendants. The complaint in the 2015 lawsuit was filed on October 19, 2015, more than eight years after the mechanics' liens were recorded, albeit only 179 days after this court ruled that the first enforcement action was properly dismissed without prejudice.

¶3 Two defendants, Countrywide Bank, FSB (Countrywide)[3] and Mortgage Electronic Registration Systems, Inc. (MERS),

---

3. Countrywide was dismissed from this appeal with prejudice based on the parties' settlement agreement. Additionally, several parties that participated in the district court proceedings have since been substituted on appeal by their successors in interest.

moved to dismiss the 2015 lawsuit, relying on a provision of Utah law stating that a recorded mechanics' lien "is automatically and immediately void if an action to enforce the lien" is not filed within 180 days. Utah Code Ann. § 38-1-11(2), (4)(a) (LexisNexis Supp. 2007). Copper Hills countered that its liens were not void because it *had* filed an action within the 180-day period, to wit, the first enforcement action that had been dismissed without prejudice.[4] Copper Hills further asserted that the 2015 lawsuit was timely under Utah's savings statute (the Savings Statute), which permits a party to commence an action within one year after a timely filed initial action is dismissed on grounds other than the merits.[5] *See id.* § 78B-2-111(1) (2012). In their reply memorandum, Countrywide and MERS argued that Copper Hills could "not piggy-back off of its first case to bring a second case eight years later."

¶4      Other defendants thereafter moved to dismiss the 2015 lawsuit and joined in the motion and memoranda filed by Countrywide and MERS. In a separate reply memorandum, several defendants argued that the mechanics' lien statute specifically prohibits application of the Savings Statute to otherwise untimely mechanics' lien enforcement actions and, therefore, Copper Hills could not rely on the Savings Statute for the timeliness of the 2015 lawsuit. *See id.* § 38-1-11(4)(b) (Supp. 2007) ("Notwithstanding [the Savings Statute], a court has no subject matter jurisdiction to adjudicate a lien that becomes void under Subsection 4(a)."). The district court heard argument from

---

4. The action relevant to the property in which Countrywide and MERS had an interest was filed on February 6, 2008—exactly 180 days after Copper Hills filed its notice of claim against that property.

5. When Copper Hills filed its first enforcement action in 2007, the Savings Statute was codified at section 78-12-40. The statutory provision was renumbered in 2008, but no changes were made to the text of the statute. *Compare* Utah Code Ann. § 78-12-40 (LexisNexis Supp. 2007), *with id.* § 78B-2-111 (2012).

the parties on the motions to dismiss and took the matter under advisement.

¶5      In a written order dated July 13, 2016, the district court declared Copper Hills' mechanics' liens void and granted the pending motions to dismiss. The court's ruling was premised on the inapplicability of the Savings Statute to the 2015 lawsuit. The court summarized Copper Hills' argument as follows:

> Plaintiff's argument that [the 2015 lawsuit] is a permissible and timely action to foreclose upon and enforce the Void Liens was premised expressly, and exclusively, upon its single argument that the Savings Statute applies to Utah Code § 38-1-11(2) (2007) and extends the 180-day filing deadline applicable to mechanics' lien claims. Specifically, Plaintiff argues that because it had previously filed actions to enforce the now Void Liens, because those previously-filed actions were presumed to have been timely filed (for purposes of the Motions to Dismiss only), and because Plaintiff's previously-filed actions were dismissed otherwise than upon the merits, then the Savings Statute allowed Plaintiff to commence this new above-captioned action within one year after Plaintiff's previously-filed actions were dismissed (and specifically within one year after the Utah Court of Appeals ruled that the dismissal of the previously-filed actions was without prejudice).

The court then rejected this argument, ruling that "the Savings Statute cannot be applied to mechanics' liens" given the clear language of the mechanics' lien statute.

¶6      The district court certified its order as final pursuant to rule 54(b) of the Utah Rules of Civil Procedure, and Copper Hills filed an appeal. But our Supreme Court concluded the 54(b)

certification was "flawed" and dismissed the appeal for lack of appellate jurisdiction. *Copper Hills Custom Homes, LLC v. Countrywide Bank*, 2018 UT 56, ¶ 1, 428 P.3d 1133. The district court thereafter denied Copper Hills' second request for 54(b) certification.

¶7 After all the remaining claims asserted by Copper Hills in the 2015 lawsuit were adjudicated or dismissed, the district court entered a final judgment, and this appeal followed. The sole district court decision we have been asked to review is the ruling that Copper Hills cannot take advantage of the Savings Statute to bring the 2015 lawsuit.

ISSUES AND STANDARDS OF REVIEW

¶8 As an initial matter, Appellee First Colony Mortgage Corporation (First Colony) challenges this court's jurisdiction to adjudicate this appeal, pointing to a perceived flaw in Copper Hills' notice of appeal. Whether a court has jurisdiction is a matter of law reviewed for correctness. *In re adoption of B.B.*, 2017 UT 59, ¶ 16, 417 P.3d 1.

¶9 In its appeal, Copper Hills challenges the district court's interpretation of the mechanics' lien statute, arguing that the court erroneously determined that the statute forecloses its reliance on the Savings Statute to bring the 2015 lawsuit. "We review questions of statutory interpretation for correctness, affording no deference to the district court's legal conclusions." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 12, 267 P.3d 863 (quotation simplified).

ANALYSIS

I. Appellate Jurisdiction

¶10 In its notice of appeal, Copper Hills described this appeal as encompassing the district court's September 26, 2022 final

judgment and "all subsidiary rulings and orders leading to final judgment." In its principal brief, however, Copper Hills raised a single issue: "Whether the district court erred in dismissing, under section 38-1-11(4)(b), Copper Hills's action to enforce its liens on the ground that the liens are void by operation of subsection (4)(a)." The genesis of this issue is the district court's order dated July 13, 2016, in which the court ruled that Copper Hills could not use the Savings Statute to bring the 2015 lawsuit because the liens are void.[6] According to First Colony, Copper Hills' notice of appeal is insufficient to vest this court with jurisdiction to review the district court's ruling because the July 13, 2016 order was not specifically identified in the notice of appeal and Copper Hills' reference to "all subsidiary rulings and orders leading to final judgment" is "cryptic."

¶11 Rule 3(d)(2) of the Utah Rules of Appellate Procedure requires a notice of appeal to "designate the judgment, order, or part thereof being appealed."[7] Our Supreme Court has made it clear that "the relevant inquiry is whether the prior orders not

---

6. Not all defendants named in the 2015 lawsuit are appellees in this matter. After the district court entered the July 13, 2016 order, the claims against the remaining defendants were dismissed as the case wound its way through the district court. But the only order attached to Copper Hills' principal brief is the district court's July 13, 2016 order. According to Copper Hills, however, it "is challenging numerous orders, but every order is based on the district court's same interpretation of section 38-1-11(4) of the Utah Code." Even if we accept the validity of that assertion, it has no effect on our jurisdiction to hear this appeal.

7. "Rule 3(d) does not require that an appellant indicate that the appeal also concerns intermediate orders or events that have led to [the] final judgment." *Speros v. Fricke*, 2004 UT 69, ¶ 16, 98 P.3d 28 (quotation simplified). Here, Copper Hills designated the final judgment and "all subsidiary rulings and orders leading to final judgment." Thus, Copper Hills' notice of appeal was actually more detailed than the rule requires.

named in [the] notice of appeal were intermediate orders that led to a final, appealable order." *Speros v. Fricke*, 2004 UT 69, ¶ 16, 98 P.3d 28 (quotation simplified). We have no trouble concluding that the July 13, 2016 order was such a prior intermediate order. *See Copper Hills Custom Homes, LLC v. Countrywide Bank*, 2018 UT 56, ¶¶ 15, 26 & n.12, 428 P.3d 1133 (holding that the July 13, 2016 order did not dispose of the entire action and, thus, was not appealable absent a compliant rule 54(b) certification). Accordingly, we have jurisdiction to review the issue Copper Hills has raised on appeal.

## II. The Mechanics' Lien Statute

¶12     In Utah, mechanics' liens exist solely by reason of statute. *See AAA Fencing Co. v. Raintree Dev. & Energy Co.*, 714 P.2d 289, 291 (Utah 1986) ("Mechanics' liens are statutory creatures unknown to the common law."). Accordingly, adherence to the statutory requirements is necessary to obtain and enforce a mechanics' lien. *Id.* at 292 ("The vitality of a lien created solely by statute depends on the terms of the statute[.]"). The parties offer two competing interpretations of the mechanics' lien statute. Under Copper Hills' reading, the 2015 lawsuit is timely; under Appellees' reading, the lawsuit must be dismissed for lack of jurisdiction.

¶13     "The first step of statutory interpretation is to evaluate the best evidence of legislative intent: the plain language of the statute itself." *In re Z.C.*, 2007 UT 54, ¶ 6, 165 P.3d 1206 (quotation simplified). "When examining the statutory language we assume the legislature used each term advisedly and in accordance with its ordinary meaning." *Id.* (quotation simplified). We also "seek to render all parts of the statute relevant and meaningful, and we accordingly avoid interpretations that will render portions of a statute superfluous or inoperative." *Williamson v. MGS by Design, Inc.*, 2022 UT 40, ¶ 23, 521 P.3d 866 (quotation simplified).

¶14     The statutory provisions at issue here control the timeliness of an action to enforce a mechanics' lien and enumerate

the consequences of filing an untimely action. *See* Utah Code Ann. § 38-1-11(2), (4) (LexisNexis Supp. 2007). Section 38-1-11(2) requires a "lien claimant" to "file an action to enforce the lien . . . within 180 days from the day on which the lien claimant filed a notice of claim." Section 38-1-11(4)(a) provides that a mechanics' lien "is automatically and immediately void if an action to enforce the lien is not filed within" the 180-day period. And section 38-1-11(4)(b) states, "Notwithstanding [the Savings Statute], a court has no subject matter jurisdiction to adjudicate a lien that becomes void under Subsection (4)(a)." Read together, these statutory provisions require a mechanics' lien claimant to file an action to enforce its lien within 180 days after filing the notice of claim, and they strip the courts of jurisdiction to adjudicate any enforcement action filed beyond the 180-day period, regardless of whether the Savings Statute would otherwise provide an avenue to bring the action. Put more simply, if an enforcement action is not brought within the statutory limitations period of 180 days, the lien is void, an action to enforce it cannot be filed under the Savings Statute, and no court has jurisdiction to adjudicate it.

¶15 Here, we assume—for purposes of our analysis—that Copper Hills filed timely notices of claim in 2007. We also assume that Copper Hills thereafter filed eight actions to enforce the liens within 180 days. And the record shows that after those actions were consolidated and eventually dismissed, Copper Hills attempted to enforce the liens a second time by invoking the Savings Statute and filing an entirely new action—the 2015 lawsuit. Appellees promptly moved to dismiss the 2015 lawsuit, arguing that Copper Hills could not use the Savings Statute to bring the 2015 lawsuit because the suit was not filed within the 180-day statutory period and thus the liens were void. The district court agreed with Appellees.

¶16 Copper Hills challenges the dismissal of the 2015 lawsuit by raising a superficially tenable interpretation of the mechanics' lien statute. Pursuant to section 38-1-11(4)(a), a lien is void only "if an action to enforce the lien is not filed within" the 180-day statutory period. According to Copper Hills, its liens are not void

because it *did* file "an action" to enforce them within the 180-day period, i.e., the first enforcement action. And, it continues, because the liens are not void given that timely filing, section 38-1-11(4)(b) does not foreclose the use of the Savings Statute to file a subsequent enforcement action. In other words, Copper Hills reads the mechanics' lien statute to protect a lien from becoming void under section 38-1-11(4)(a) as long as the lien claimant has filed at least one action to enforce the lien within the 180-day statutory limitations period.

¶17 The flaw in Copper Hills' interpretation, however, becomes apparent when the mechanics' lien statute is read in conjunction with the Savings Statute. The Savings Statute provides as follows:

> If any action is timely filed and the judgment for the plaintiff is reversed, or if the plaintiff fails in the action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the action has expired, the plaintiff . . . may commence a new action within one year after the reversal or failure.

*Id.* § 78B-2-111(1) (2012). The Savings Statute thus gives a litigant an additional opportunity to pursue a claim only if three requirements are satisfied: (1) the original action was filed within the statute of limitations, (2) the original action was dismissed other than on the merits, and (3) the applicable statute of limitations has expired. *Ewing v. Department of Transp.*, 2010 UT App 158, ¶ 7, 235 P.3d 776, *cert. denied*, 241 P.3d 771 (Utah 2010). Thus, the Savings Statute is only applicable when a prior timely action has been filed by a party.

¶18 But if—as Copper Hills reads the mechanics' lien statute—filing *any* action within the 180-day period forever protects a mechanics' lien from becoming void under section 38-1-11(4)(a), then section 38-1-11(4)(b) is entirely superfluous. This is so because every lien claimant invoking the Savings Statute to file a

second action could not do so unless it necessarily filed a first timely action. Thus, under Copper Hills' interpretation of the statute, no second lien enforcement action brought under the Savings Statute can ever involve a void lien because the first timely action shielded the lien from becoming void in perpetuity. And because section 38-1-11(4)(b) only prohibits use of the Savings Statute to bring a second enforcement action if the lien is void, that statutory provision could have no operative effect or function.

¶19    Recognizing that this court must not read a statute in a way that renders portions of it superfluous, Copper Hills offers a scenario that purportedly gives effect to section 38-1-11(4)(b) as it interprets the provision. It argues that a lien claimant who seeks to use the Savings Statute to add an omitted defendant to a lien enforcement action would be prohibited by section 38-1-11(4)(b) from adding claims against the omitted defendant because no timely initial action was ever filed against the omitted defendant.[8] Even if we accept the accuracy of this hypothetical, Copper Hills admits that the scenario it describes is "a rather unlikely situation," and we agree that it involves an exceedingly remote possibility. But because this single, exceedingly remote possibility is the only scenario Copper Hills has offered that possibly gives any effect to section 38-1-11(4)(b), Copper Hills' reading of the statute is unreasonable.

¶20    We read the mechanics' lien statute in the way advocated by Appellees because it is the only reasonable interpretation that

---

8. Copper Hills' hypothetical is actually a bit more elaborate. For example, it explains that the omitted defendant must also be a tenant-in-common with the included defendant because "tenants in common have an identity of interest." Otherwise, according to Copper Hills, the lien claimant cannot satisfy the relation-back test of rule 15(c) of the Utah Rules of Civil Procedure.

gives effect to all the statute's provisions.[9] If the particular action brought by the lien claimant to enforce its lien is filed after the 180-day statutory period has expired, the lien is void, and section 38-1-11(4)(b) strips the courts of subject matter jurisdiction. And this is true regardless of whether the lien claimant previously filed a timely enforcement action that was dismissed other than on the merits.

## CONCLUSION

¶21   Copper Hills' 2015 lawsuit was filed well beyond the 180-day statutory limitations period. And the mechanics' lien statute does not allow Copper Hills to take advantage of the Savings Statute. Because the 2015 lawsuit was untimely, the mechanics' liens it was attempting to enforce are void, and the district court lacked subject matter jurisdiction to adjudicate those liens.

¶22   Affirmed.

——————

9. For the first time in its reply brief, Copper Hills argues that the mandate rule requires us to read our prior opinion as holding that the Savings Statute applies to the 2015 lawsuit, otherwise the distinction between a dismissal with or without prejudice "would not matter" and the prior opinion would be "merely advisory." *See Morningside Devs., LLC v. Copper Hills Custom Homes, LLC*, 2015 UT App 99, ¶ 12, 348 P.3d 726 (holding Copper Hills' first enforcement action was properly dismissed without prejudice). There are any number of reasons to reject this argument: the issue is not preserved, *see State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443; the argument is raised for the first time in the reply brief, *see State v. Lisenbee*, 2022 UT App 19, ¶ 18 n.5, 505 P.3d 523; and the issue of whether Copper Hills could file a second action was not discussed in our prior opinion, leaving that question undecided for purposes of the mandate rule, *see Department of Transp. v. Ivers*, 2009 UT 56, ¶ 12, 218 P.3d 583.